(52 South. 537.)

No. 17,800.

ALBERT HANSON LUMBER CO., Limited, v. BALDWIN LUMBER CO., Limited.

'April 25, 1910. Rehearing Denied June 6, 1910.)

(Syllabus by the Court.)

1. EJECTMENT (§ 16*)—POSSESSORY ACTION—NATURE OF POSSESSION—"REAL AND ACTUAL POSSESSION."

Under the plain text of article 49 of the Code of Practice a plaintiff cannot maintain a possessory action unless he should have had the real and actual possession of the property at the instant the disturbance occurred, and mere civil or legal possession is not sufficient. There can be no "real and actual possession" of property, unless there be, in the commencement at least, a corporeal detention and use of the thing according to its nature and destination. As timbered swamp lands may be actually possessed by the construction of roads or canals, or by deadening, felling, or removing the trees, they are no exception to the general rule. In such a case, mere payment of taxes, tracing of boundary lines, marking of trees, and watching for trespassers do not constitute real and actual possession of the land and timber thereon.

[Ed. Note.—For other cases, see Ejectment, Cent. Dig. §§ 30–41; Dec. Dig. § 16.*

For other definitions, see Words and Phrases, vol. 1, pp. 165–167; vol. 8, p. 7565.]

(Additional Syllabus by Editorial Staff.)

2. EJECTMENT (§ 16*) — "NATURAL POSSESSION."

"Natural possession" is that by which a man detains a thing corporeally, as by occupying a house, cultivating ground, or retaining a movable possession. Civ. Code, art. 3428. Such a possession in its nature must be visible, open, and public.

[Ed. Note.—For other cases, see Ejectment, Cent. Dig. §§ 30–41; Dec. Dig. § 16.*

For other definitions, see Words and Phrases, vol. 5, p. 4670.]

Appeal from Twenty-Third Judicial District Court, Parish of St. Mary; Charles L. Wise, Judge ad hoc.

Action by the Albert Hanson Lumber Company, Limited, against the Baldwin Lumber Company, Limited. Judgment for defendant, and plaintiff appeals. Affirmed.

Emmett Alpha and Hall, Monroe & Lemann, for appellant. Borah & Himel and Paul Kramer, for appellee.

LAND, J. This is a possessory action, coupled with an injunction, instituted against the defendant, admittedly in actual possession of the 80 acres of timber land in controversy.

Plaintiff alleges that it had been continuously in the real and actual possession as owner of the tract in dispute for more than a year last preceding the institution of the suit, and that the defendant without color of right had disturbed plaintiff's possession by entering on said tract and deadening timber thereon for the purpose of removing the same.

The petition alleges that said tract is cy-

press swamp land, not susceptible of actual occupancy for residence, nor susceptible of cultivation. The specific acts of possession alleged in the petition are as follows:

That plaintiff purchased said tract of land in 1899, and took actual possession thereof by having the same surveyed, and the timber all counted and estimated, and the lines plainly marked around said tract, "which is contiguous to and forms a part of the contiguous and compact tract of land, known as 'Garden City,' on which is situated petitioner's sawmill, and residences occupied by the managers and employés of petitioner's sawmill business," and that petitioner had promptly paid all taxes upon said land, and the same has been notoriously possessed by petitioner as its owner since the aforesaid date of petitioner's purchase thereof from the estate of Robert Gibbs, deceased.

The defendant avers actual possession as owner of all the timber rights on said tract of land under deed of purchase duly recorded in July, 1907, and that his authors claimed under a chain of title originating in a sale made by Robert Gibbs, the common author, during his lifetime.

Defendant further avers that said tract formed a part of the Bertha plantation, and that respondent and his authors have been in actual, open, notorious, corporeal, and peaceable possession of said tract as a portion of said plantation for more than 50 years. Defendant further avers continued acts of ownership, such as payment of taxes, surveys, plats, and the taking of wood from the tract in controversy.

The case was tried, and there was judgment in favor of the defendant, rejecting and dismissing plaintiff's demand, and maintaining the defendant in its possession of the tract in dispute, and dissolving the injunction, all at plaintiff's cost.

The plaintiff has appealed, and the only question before us is the issue of *actual* possession.

In order to maintain a possessory action, the law requires that the possessor "should have had the real and actual possession of the property at the instant the disturbance occurred; a mere civil or legal possession is not sufficient." Code Prac. art. 49. Also that the possessor should have had that possession quietly and without interruption as owner of the property, or of some real right therein, for more than a year previous to his being disturbed, unless evicted by force or fraud.

Plaintiff alleges actual possession at the time of the disturbance, and for more than a year previous thereto, of the N. ½ of the N. W. ¼, section 20, township 15 S., range 10 E., in the parish of St. Mary.

Plaintiff purchased this tract, and another 80-acre tract in section 34, township 14, range 10, in July, 1899, at a probate sale in the vacant succession of Robert Gibbs.

In June, 1849, Robert Gibbs sold the north fractional half of the north fractional half of the same section 20, and other lands, to Adelard Carlin. The deed was indorsed:

"Recorded June 29, 1849."

In inscribing this deed in the conveyance book, the recorder wrote:

"The north fractional half and the southwest quarter of the northeast fractional quarter of section twenty."

In 1873, the real estate and other property of Adelard Carlin, deceased, was partitioned among his heirs, and the defendant claims title through mesne conveyances from the heir to whom, it is alleged, the particular tract of land now in dispute was allotted.

As the question of legal title cannot be considered in this action, it suffices to say that the defendant went into actual possession under color of title and claim of right.

The first witness for the plaintiff, Mr. Gardner, went on and over the tract a number of times, traced the lines of previous surveys, and watched that and other tracts in

the interest of the plaintiff. This witness stated that the plaintiff company never did any work in that swamp, never cut or deadened any trees, nor made any official survey to his knowledge.

The next witness, Mr. Kemper, a surveyor, was never sent out to survey the tract in dispute, but in 1906 and 1907 ran lines and made surveys in the immediate vicinity. When asked as to facts of possession in plaintiff, the witness replied:

"Unless the indication of this land on their map is considered, I know of no positive facts."

And to acts of possession by Gardner, Mr. Kemper said:

"At the time I ran the lines around the Kramer plantation, for the purpose of cutting out the lands that did not belong to the Hanson Lumber Company, Mr. Gardner was with me, and, had he considered that this 80 acres did not belong to the Hanson Lumber Company, would have had the lines run around it also. I do not recall that he actually stated that was the Albert Hanson Lumber Company's land. I believe that we both supposed that it was. If that can be considered as showing possession, why they possessed it."

Gardner, being recalled, testified that on his first visit to the land he cut the letter H on each of the four corners of the tract, as a sign that the land belonged to the Hanson Lumber Company. Mr. Kemper testified that he believes he saw one of these letters. Defendant's employés, who traced the lines and superintended the deadening of the timber on the tract in dispute, testified that they saw no such letters at the corners of the tract.

Plaintiff did not offer in evidence his alleged title deeds to the Garden City tract, and therefore there is nothing in the record to warrant the application of the rule that possession of a part is possession of the whole according to the title of the possessor. Civ. Code, arts. 3437, 3498.

On the other hand, the defendant company, owner of the contiguous lands, on which it was operating a sawmill, took actual possession of the tract in dispute, under color of title, more than a month before the institution of this suit. As defendant was admittedly in actual possession, and the plaintiff was not, the alleged misdescriptions in defendant's chain of title are foreign to the present inquiry.

Plaintiff's proposition, that a title, assessment for taxation, and the going of an agent around the lines and cutting the letter H on the corner trees, constitute actual possession of wild lands sufficient to maintain a possessory action, is clearly untenable. In the case of South La. Land Co. v. Riggs Cypress Co., 119 La. 193, 43 South. 1003, cited by the plaintiff, the court indicates that actual possession of cypress lands may be taken by the cutting of trees for the purposes of removal, and by preparations carried on for the pulling of timber from season to season. In Frederick et al. v. Goodbee et al., 120 La. 783, 45 South. 606, also cited by the plaintiff, it was held that a survey of the land, and the cutting and removal of bark and wood therefrom at long intervals, did not prove actual and continued possession as owners sufficient to serve as a basis of the prescription of ten years. In Chamberlain v. Abadie, 48 La. Ann. 590, 19 South. 574, also cited by plaintiff, the court held that the payment of taxes is not in itself evidence of corporeal possession; that for the purposes of prescription there must be, at the least in its commencement, a corporeal possession, by the use of immovable property according to its nature, such as grazing of cattle on swamp lands subject to overflow, accompanied by the regular payment of taxes, and in case of timbered lands by their inclosure, cutting trees, building roads, or by other similar acts.

Actual possession is the real or corporeal detention of property. Civ. Code, arts. 3434, 3442. The possessor must hold the thing "in fact." Civ. Code, art. 3487. Natural possession is that by which a man detains a thing

corporeally, as by occupying a house, cultivating ground, or retaining a moveable in possession. Civ. Code, art. 3428. Such a possession in its nature must be visible, open, and public.

It goes without saying that the plaintiff never had this kind of possession of the property in dispute, and, whatever his right of civil possession may be, it is excluded from consideration by the text of the Code of Practice.

Judgment affirmed.