(58 South. 590.)

No. 18,532.

CROWELL & SPENCER LUMBER CO.,
Limited, v. DUPLISSEY.

(Nov. 13, 1911. On Rehearing, May 6, 1912.)

*(Syllabus by the Court.)*

1. APPEAL AND ERROR (§ 1116*)—DISPOSITION OF CAUSE—AFFIRMANCE.

Where one files a possessory action, and then seeks by an amended petition to change the nature of the action to a petitory action, and the lower court refuses to permit this to be done, this court, on appeal, will not assume original jurisdiction and change the action into a petitory action when the lower court has decided the matter as a possessory action. For the sake of clearness in pleading the court will affirm the judgment, and let the plaintiff bring his petitory action.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4411, 4412; Dec. Dig. § 1116.*]

2. LIMITATION OF ACTIONS (§ 19*)—POSSESSORY ACTION—DEFENSES—GOOD FAITH.

Good faith is not an essential element in a defense to a possessory action. Possession during the 12 months preceding the institution of the action is the essence of the defense.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 73–85, 176; Dec. Dig. § 19.*]

3. EJECTMENT (§ 100*)—POSSESSORY ACTION—SEQUESTRATION OR INJUNCTION.

As the writs of sequestration and injunction obtained by plaintiff were ancillary to his possessory action, the dismissal of that action dissolved the writs.

[Ed. Note.—For other cases, see Ejectment, Cent. Dig. §§ 315, 318; Dec. Dig. § 100.*]

*(Additional Syllabus by Editorial Staff.)*

On Rehearing.

4. SEQUESTRATION (§ 17*)—DISSOLUTION OF WRIT—ATTORNEY'S FEES.

Attorney's fees for dissolving a writ of sequestration can be allowed only where a trial on the writ has been separate from that on the merits.

[Ed. Note.—For other cases, see Sequestration, Cent. Dig. §§ 35–37; Dec. Dig. § 17.*]

Appeal from Sixteenth Judicial District Court, Parish of St. Landry; B. H. Pavy, Judge.

Action by the Crowell & Spencer Lumber Company, Limited, against Samuel Duplissey. From a judgment for defendant, plaintiff appeals. Amended.

Lewis & Lewis, Andrews & Hakenyos, and W. J. Sandoz, for appellant. Leon S. Haas and L. Austin Fontenot, for appellee.

BREAUX, C. J. This was a possessory action.

Plaintiff sets out in its petition that it is the owner, and in possession since a number of years, of the S. W. ¼ of section 31, township 1, and range 1 E., and that its possession has been disturbed by Samuel Duplissey, who, within the 12 months preceding the filing of its petition, has taken possession and has thereby committed a trespass; that defendant in thus disturbing its possession was influenced by malice; that, notwithstanding the amicable demand, by its officers and agents, of the defendant not to thus trespass upon its rights, the defendant continued in his unlawful possession.

Plaintiff asks in the prayer of the petition for a decree of ejectment, and for a writ thereunder placing it in possession.

The defense is that the land inured to the state under the swamp lands' grant; that defendant had filed his affidavit of intention with the register of the land office of acquiring it under the homestead law. He further averred that he has a dwelling house, a barn, and a well on the place, the value of which was $205; and he asked to be allowed $250 to enable him to maintain his possession.

He prays in his answer to be maintained in his possession and for an amount as due him, as alleged in his reconventional demand.

To this point, the action was possessory.

About two years after the issues had been thus made, plaintiff filed an amended petition, in which it alleged its title at some length and with particularity.

The purpose of this amended petition was to change the action from the possessory to

the petitory action. Petitioner in this petition asked for an injunction, also for a writ of sequestration; the injunction to restrain the defendant from cutting and hauling the timber on the land and from shipping it out of the jurisdiction of the court. The sequestration was asked for in order to have the timber that had been cut down on the land sequestered and taken possession of during the pending of the suit.

Petitioner in this amended petition also claims an amount as damages. Petitioner in the prayer asked for the vindication of its ownership of the land, and that the defendant be condemned to vacate the premises occupied by him as a residence and be perpetually enjoined from trespassing upon the land.

The amendment was allowed by the court; but, upon the application of counsel for defendant, its ruling was reconsidered. The defendant filed an exception to this amended petition on the ground that it sought to change the cause from a possessory to a petitory action. The court sustained defendant's objection to plaintiff's amended petition by which it sought to cumulate the petitory with the possessory action. To this ruling of the court, no objection was urged.

The plaintiff came into court thereafter, through counsel, and in a written motion alleged that, the court having sustained defendant's objection to plaintiff's amended petition in so far as the petition sought to cumulate the petitory with the possessory action, it (the plaintiff) elected to prosecute the suit as a petitory action, abandoning any other action. At a subsequent date, the plaintiff moved the court to reconsider its prior ruling above mentioned, on the ground that it had the right to change the action from the possessory to the petitory after issue joined, citing Code of Practice, arts. 54–57, 152. The court refused to recall his prior ruling, and the case was tried and decided as a possessory action.

The court in the judgment sustained defendant's possessory action and decreed that he was entitled to possession, dissolved the injunction and the writ of sequestration, and allowed the defendant damages in the sum of $250, with legal interest from the date of the judgment, and plaintiff appealed.

The possessory character of the action originally is beyond question. The plaintiff attempted, but failed, to have it changed to a petitory action. The court's judgment is exclusively such a judgment as may be rendered in a possessory action. Considered from that point of view, defendant sustained his right of possession.

The following are our reasons for thus holding: He had been in possession over 12 months when suit was filed against him. It was an open possession, and for part of the 12 months it was within plaintiff's knowledge that defendant claimed possession and had constructed improvements in order to maintain the possession. It had ample time within the 12 months to institute the possessory action. Of this it did not choose to avail itself. After the 12 months, it was too late to institute the possessory action as it did.

It could not bring an action to be quieted in its possession as against defendant, for he had actual possession. The two things necessary to maintain defendant's possession existed; the intention of possessing as an owner and the corporeal possession of the land. Defendant was not a trespasser, but sought to secure a homestead and had obtained legal advice. It is true that the advice was guardedly given, but at the same time it is evident that the advice did not leave him without hope that he might succeed. After his declaration before a notary public of his intention to enter the land under Act No. 21 of the General Assembly, approved June 23, 1886, he failed to present

his claim further. None the less, he was in possession of the property.

[2] The plaintiff argued that defendant was not in good faith. At the time of his entering upon the land, it does not appear that he was not in good faith, although he had very little, if any, ground upon which to rest a hope of success.

Whether in good or bad faith, his possession not having been disturbed, he had the right to stand in judgment in a possessory action. Had he taken possession in bad faith, he would still have the right of defense in a possessory action. It is the law that, possession sufficiently sustained by lapse of time, it matters not whether he possessed in good or bad faith. Article 49, Code of Practice. See, also, article 3449, Civil Code.

[3] We have before noted that, some time after its possessory action had been brought, plaintiff obtained an injunction and writ of sequestration. Under the ruling of the district court these writs were based upon the possessory action, and were ancillaries to that action, having been presented and filed by the court as an amended petition. These writs must follow the date of the main action. After the dismissal of the main action, they had nothing upon which to rest. These writs were properly dissolved from the point of view followed by the district court.

[1] Plaintiff's contention is that a possessory action to vindicate possession may be converted by the plaintiff into a petitory action, though the defendant does not have that right, citing article 57, Code of Practice. Be that as it may, we will not discuss the point, as the action was not converted into a petitory action.

We decide the case in the situation in which we find it, as otherwise we would have to assume original jurisdiction, and consider the cause from the point of view of a petitory action, although a possessory action was brought and the suit was tried and decided as possessory. The court will not assume original jurisdiction on appeal.

In conclusion, we will notice another point: When a person claims by possession alone and without showing any title, he must show adverse possession by inclosure, and his claim will not extend beyond, is the point. In answer, without going extensively into the question, we are of the opinion that plaintiff's petition is met by the following: It is not necessary to go over every part of the estate of which one has taken possession in order to be able to stand in judgment in a possessory action. Civil Code, art. 3438.

It will lead to clear-cut issues to affirm the judgment and let the parties bring a petitory action.

For reasons stated, the judgment of the district court is affirmed.

### On Rehearing.

PROVOSTY, J. A plaintiff may, of course, at any time convert his possessory action into a petitory action by dismissing the one suit and instituting another; but he cannot, after issue joined, operate this change by supplemental petition, unless with the consent of defendant. It would be changing the issue. C. P. art. 419.

To maintain the possessory action, the plaintiff must show acts of possession, or, in other words, a possession in fact; mere civil or legal possession will not suffice. C. P. art. 49. In the present case the only acts of possession proved by the plaintiff have been the payment of taxes and having some one look after the land or watch for trespassers. Such acts as these have been held insufficient to support a possessory action. Albert Hanson Lumber Company v. Baldwin Lumber Company, 126 La. 347, 52 South. 537.

Plaintiff is well founded in contending

that, in view of the fact that the defendant is possessing without title, his possession is bounded by his actual occupancy. Moore Planting Co. v. Morgan's L. & T. R. R. Co., 126 La. 888, 53 South. 22. In fact, many cases hold that in order to be effective a possession without title must be by inclosure. Ellis v. Prevost, 19 La. 251; Albert Hanson Lumber Company v. Riggs Cypress Co., 58 South. 567, ante, p. 772. But we do not see that the extent of defendant's possession can play any part in the present case. It is for plaintiff to show possession; and until plaintiff has done so, defendant is not called upon to make any proof.

[4] It is well settled that attorney's fees for dissolving a writ of sequestration can be allowed only when trial on the writ has been separate from that on the merits; and this has not been done in the present case. The trial court erred, therefore, in allowing damages, and in that respect the judgment appealed from must be amended.

It is therefore ordered, adjudged, and decreed that the former judgment of this court be amended in so far as it allows damages to the defendant, and that the claim of defendant for damages be rejected, and that the said judgment be in all other respects reinstated and affirmed. Defendant to pay costs of appeal.