On Rehearing.
DAWKINS, J.
Applications for rehearing were made by both sides herein, but granted as to the plaintiff only. The issue, therefore, *669 has been narrowed down to the title to fractional S. W. % of section 19, township 20 north, range 15 west, which our former decree gave the defendants under a plea of prescription of 10 years acquirendi causa.
Our finding as to that part of the property was that while E. D. Pitts had not gone into actual physical possession at the time of his purchase from E. L. Pitts on March 20, 1901, the latter had, some years prior to the sale, been in actual possession, and that the notarial transfer to E. D. Pitts was sufficient to transfer to him the said possession, so as to form the basis of prescription under article 3478 of the Code.
However, plaintiff has assailed that finding on the rehearing, both upon the facts and the law, contending that, while the opinion otherwise conclusively and correctly holds that E. L. Pitts’ possession was not as owner of the whole, but of an undivided interest insufficient to form the basis of prescription of 30 years, we have held that he transferred by mere operation of law, under the notarial act of sale to E. D. Pitts, a different character of possession which can support the plea of prescription of 10 years. We are referred to the case of Hanson Lumber Co. v. Baldwin Lumber Co., 126 La. 347, 52 South. 537, as being directly opposed to the finding of law in this case, in which Ellis v. Prevost, 13 La. 230, and Levy v. Gause, 112 La. 789, 36 South. 684, were cited as authority.
[13] We do not think that the facts and circumstances of the present suit require a differentiation between those cases (if a difference or conflict really exists) at this time, for the reason that we have already held in the present case (and which has become final by the refusal of the rehearing applied for on the part of defendants) that the possession of E. L. Pitts was precarious, or not as owner of the whole property. Therefore, conceding that his actual possession of certain of the property in dispute which was contiguous to and adjoined the fractional quarter section now under consideration was retained after having moved off of all of it some 10 or 15 years prior to the sale to E. D. Pitts, so as to-effect a transfer of that possession by the mere execution of a notarial act, and without taking of actual possession by the vendee, still we do not think that he could thereby convey in that form the unqualified possession as owner. It would hardly be contended that a lessee could convey, even by notarial act, such a possession as would form the basis of 10 years’ prescription, where the purchaser never took actual possession personally or through others, regardless of whether or not the purchaser believed him to be the real owner. E. C. G. arts. 3489, 3490. Such a vendee undoubtedly could not “tack on” the possession of his vendor, even if he went into actual possession; nor could the defendants here have availed themselves of any part of the possession of E. L. Pitts as the basis of their prescriptive title. On the other hand, if E. D. Pitts had gone into actual possession at the time of his purchase, he would not have had to rely upon that of his vendor, but would have been protected by his own corporal detention of the property. As it is, his vendees, the defendants, are compelled to rely upon the constructive possession of E. L. Pitts, and, under the weight of legal pressure,, the structure falls.
“The possessor is allowed to make the sum of possession necessary to prescribe, by adding to his own possession that of his author, in whatever manner he may have succeeded him, whether by an universal or particular, a lucrative or onerous title.” R. C. C. art. 3493.
It would'hardly be contended that one who-had acquired by notarial act a tract of wild land which had never at any time been in the actual possession of his vendor, and who never went into possession himself, could acquire by the prescription of 10 years against the valid claims of third persons. It follows,, therefore, that the prescriptive bridge, under any such theoretical or constructive posses *671 sion, must be anchored to the foundation stone of the vendor’s possession, and, when so anchored, if the vendor be in bad faith, the foundation crumbles, and the bridge is destroyed: whereas, if he take actual corporal possession, he is not dependent upon the possession of his vendor,, and may plead his own act as the basis of his right.
For the reasons assigned, our former decree, in so far as it sustains the plea of prescription of 10 years under the deed of March 20, 1901, covering fractional S. W. % of section 19, township 20 north, range 15 west, in favor of defendants, is annulled and set aside, and the judgment of the lower court affirmed at the costs of the appellants claiming said property.
O’NIELL, J., adheres to the dissenting opinion heretofore rendered in this case.