. SOMMERVILLE, J.
The widow and heirs of Thomas Crichton, Sr., brought this possessory action to be quieted in the possession of 140 acres of land in Claiborne parish, which possession they allege has been disturbed by defendants.
Defendants answered, admitting that plaintiffs were and had been in possession of certain small tracts of land, through tenants, of the 140 acres, but denied that they were in possession of more than the amount specified in their answer. Defendants set up title in themselves, and asked that the suit be converted into a petitory action; but plaintiffs refused their consent thereto, and the case went to trial as a possessory action.
There was judgment in favor of plaintiffs and against defendants for possession of the land shown on a m'ap filed in the record, consisting of about 10.52 acres which were inclosed or in cultivation. And defendants were restrained from disturbing the possession of plaintiffs to these small tracts. Plaintiffs appealed.
Plaintiffs offered in evidence a title deed in the name of Hue Montgomery to J. H. Montgomery for the restricted purpose o'f showing that the land involved had been known as the Montgomery place, and for the purpose of further identifying the land they offered a deed from M. E. Walker to Larry N. Crichton; but these deeds are not in the record, and it is presumed they were not filed. They did not offer any title deed in the name of Thomas Crichton, Sr. Defendants offered in evidence a title deed from W. F. Leary and Thomas Crichton, Sr., to J. T. I-Cnighton, dated October 18, 1886, for the purpose of identifying the land. They also offered in evidence title deeds from Knighton to Jeffers and by mesne conveyances to themselves.
It does not appear how Thomas Crichton, Sr., came into possession of the property originally, or how he regained possession after having sold’ to Knighton. As far as the record shows, plaintiffs are claiming possession because of the real and actual possession of the property by themselves and their ancestolr. They did not attempt to show a civil or legal possession at any time.
One of the plaintiffs took the stand and testified that he had not been on the place and did not know anything about it except that portions of it had been occupied by tenants who had paid rent to the Crichtons. And one of the tenants testified that he had been occupying a small place and cultivated it during 24 years, and that he had been paying rent to Thomas Crichton, Sr. There was other testimony going to show that two other small patches had been cultivated, and that a pasture had been used by plaintiffs. A surveyor who had surveyed the land testified as a witness, and showed that the small pieces which had been actually occupied and cultivated amounted to 10.52 acres, for which there was judgment in fa.vor of plaintiffs.
Article 49 of the Code of Practice requires that persons claiming by a possessory action must have been in the real and actual possession of the property, and that' a mere civil or legal possession is not sufficient. The *973 only real and actual possession shown by plaintiffs was to the 10.52 acres for which they have judgment.
In the case of Prevost’s Heirs v. Johnson, 9 Mart. (O. S.) 123, this court held that—
“When a person claims by possession alone, without showing any title, he must show an adverse possession by inclosures, and his claim will not extend beyond such inclosures.”
See, also, Ellis v. Prevost, 19 La. 251, 257.
These cases were followed in Ellis v. Prevost, 13 La. 230; Davis v. Dale, 2 La. Ann. 205; Searles v. Costillo, 12 La. Ann. 203; and Taylor v. Telle, 45 La. Ann. 124, 12 South. 118.
The only real and actual possession shown by plaintiffs was that which was held by them through tenants, and which the judgment of the trial court quiets them in the possession ofv
The judgment appealed from 'is therefore affirmed.
O’NIELL, J., dissents.