153 So. 690

## LOUISIANA STATE RICE MILLING CO., Inc., v. POTTER.

### No. 32521.

Feb. 26, 1934.

Rehearing Denied March 26, 1934.

Modisette & Adams, of Jennings, for appellant.

John B. Fournet, of Jennings, and Hawkins & Pickrel, of Lake Charles, for appellee.

BRUNOT, Justice.

This is a suit for specific performance of an alleged contract of purchase and sale of 3,700 bags of Blue Rose rice, at $1.70 per barrel, coupled with a sequestration of the defendant's rice stored in the warehouse of the Thornwell Warehouse Company in Thornwell, La., and, in the alternative, for a judgment against the defendant for $4,-570.

On a rule to dissolve the sequestration with damages, there was judgment making the rule absolute, and against the plaintiff and the surety of the plaintiff on its sequestration bond, for $150 damages for attorney's fees for dissolving the writ. The plaintiff has appealed from said judgment.

The plaintiff concedes that the evidence, offered on the trial of the rule to dissolve the writ of sequestration, shows that defendant had made no sale of his rice to the plaintiff,

and that plaintiff was, therefore, not entitled to the possession of said rice; but plaintiff contends that the allegations of the petition are denied in the rule to dissolve the sequestration, thus putting the case at issue on the merits, and that attorney's fees cannot be allowed when a conservatory writ is dissolved as a result of a trial on the merits of the case. Hence the only question this appeal presents is whether or not the judgment awarding attorney's fees is correct.

█ It is the settled jurisprudence to allow attorney's fees for dissolving conservatory writs. Crowell & Spencer Lumber Co. v. Duplissey, 130 La. 837, 58 So. 590; Fabacher v. Rouprich, 160 La. 433, 107 So. 295.

█ In certain exceptional cases attorney's fees are allowed for dissolving writs of sequestration after the trial of a case on its merits. American Hoist Co. v. Frey, 127 La. 184, 53 So. 486; American Furn. Co. v. Grant-Jung Co., 50 La. Ann. 931, 24 So. 182.

█ In this case counsel for plaintiff sought to have the rule to dissolve the sequestration stand as an answer to the merits. The court properly declined to so consider it, and correctly held that:

"The conservatory writ is always a mere incident to the main demand, as are therefore the facts supporting it. In attachment the incidental fact supporting the writ is justifiable fear of disposal of the property pending the suit; in sequestration the incidental facts supporting the writ are justifiable fear of disposal and, in addition, some claimed right in or to the specific thing sequestered. In the present case, the right of possession is necessary to support the writ, but it does not compel the issuance of the writ any more than a privilege would compel it. Both might form a part of the judgment after a trial on the merits, although no conservatory writ was used. The mere coincidence that a fact is relevant both on the writ and on the merits does not preclude its use in evidence on a trial to dissolve the writ nor necessarily confuse that trial with a trial on the merits."

█ In all of the authorities relied upon by appellant there was an answer to the suit, and the case was decided after a trial on the merits. In this case the appellee proceeded by the summary process. It is true that the alleged sale and right of possession were denied and that the untruthfulness of these allegations was established on the trial of the rule, but the proof of these facts was essential to the successful prosecution of the rule.

We see no error in the judgment appealed from, and it is affirmed, at appellant's cost.

O'NIELL, C. J., and ST. PAUL, J., absent.