GLADNEY, Judge.
Defendants appeal from a judgment granting a permanent injunction prohibiting and enjoining them from cutting and removing timber on certain property situated in Winn Parish described as:
“NWV4of NW%, Section 25, Twp. 13 N., R. 4 West, which covers and includes all timber up to the red line as marked and painted on the West *511 side and being seventy-five feet or more West of the line as shown by the survey made by the surveyor for and on behalf of the defendants, as per plat or survey in the said suit above styled,”
and recognizing and confirming plaintiff in possession thereof.
In contesting the action appellants deny that plaintiff has complied with Article 49 of the 'Code of Practice which declares:
“In order that the possessor of a real estate, or one who claims a right to which such estate may be subjected, may be entitled to bring a possessory action, it is required:
“1. That he should have had the real and actual possession of the property at the instant when the disturbance occurred; a mere civil or legal possession is not sufficient * *
The issue thus presented is whether by adequate evidence plaintiff established it had actual and real possession of the property when the disturbance occurred.
That plaintiff is the .lawful owner of the NW1/4 of NW14 of Section 25 and that John D. Phillips has legal title to the N% of NE14 of Section 26, both subdivisions being in Township 13 North, Range 4 West, is not in dispute. Nor is it questioned that E. F. Broomfield purchased the timber on the Phillips tract. The two properties are adjacent, the NWj4 of NWj4 of Section 25 being to the east of the Phillips property.
The controversy arose over the timber growing between a line painted on trees approximately 75 feet west of the section line between sections 25 and 26. The plat referred to in the judgment appealed from is incorporated in the record and reflects the survey of Claude E. McMath, a registered surveyor engaged by Broomfield to determine the boundary between the two properties prior to his cutting the Phillips timber. At least for the purpose of this appeal McMath’s location of the section line is not attacked. Its only effect here is to show that the strip of land in controversy lies within the N% of-the NE14 of Section 26 and is not a portion of the NW14 of NW%, of Section 25. •
To establish actual and real possession within Code of Practice Article 49, plaintiff sought to show by the testimony of witnesses that at one time there had been a fence between the two properties which was regarded by -old residents as having been placed on the section line between Sections 25 and 26 and that the red line was painted along the old fence line. These witnesses admitted much of their testimony was hearsay and there was no testimony the red line was painted while there were vestiges or remains of the old fence. Wesley Sentell, forester for plaintiff, testified he repainted the red line in 1946 and it was evident there had been a fence along there at one time. His interference came from the difference in the size of the timber. There were some comparatively recent blazes along the red line and no hacks or other markings. Plaintiff’s forty and the disputed strip along the west side thereof has not been enclosed within the past 25 years or more. There were no signs of occupancy other than occasional cuttings of timber. At the corner of Sections 25, 26, 23 and 24 there were two marked corners, one established by surveyor Crowson, and one known as the red corner from which plaintiff’s red line ran south. McMath established a third corner. Both properties are unfenced timber lands and exhibit no other characteristics of occupancy or possession than above related.
The actual and real possession referred to in Code of Practice Article 49 is natural possession defined by LSA-Civil Code Article 3428 as that by which a man detains a thing corporeally, as by occupying a house, cultivating ground, or retaining a movable in possession. Possession is. said to be civil when a person ceases to reside in the house or on the land which he occupied, or ceases to detain the movable which he possessed, but without in *512 tending to abandon the possession LSA-Civil Code Art. 3429. It follows, therefore, that in order for plaintiff to maintain its possessory action it should have had the natural' possession of the strip east of the red line, when the disturbance occurred.
It was recognized in Prevost’s Heirs v. Johnson, 9 Mart., O.S. 123, 174:
“ * * * When a person claims by possession alone, without showing any title, he must show an adverse possession by enclosures, and his claim will not extend beyond such enclosures.”
This rule has been repeatedly followed but with the observation of our Supreme Court a strict interpretation should not be given to the word “enclosures”, but the interpretation should adapt itself to the kind of occupancy appropriate to the land involved. See: Hill v. Richey, 1952, 221 La. 402, 59 So.2d 434, 440, 441, in which case the plaintiff had proven beyond all question that he had actually, physically and corporeally possessed as owner the disputed strip of land and that his possession continued to the moment of the disturbance. The court said:
“The fences, remains of old fences, blazes and hacks on the trees evidently made by a surveyor, and the ‘No Trespassing’ signs were sufficient under the facts of this case to establish with certainty and to give definite notice to the public and all the world of the character and extent of his possession, to identify fully the property possessed, and to fix with certainty the boundaries or limits thereof, especially when we consider the type of land between the lines and the nature of the property.”
This court’s findings in Forrest v. Messenger, La.App.1945, 20 So.2d 766, 768, may be appropriately applied here:
“It may be said that plaintiff has the civil or legal possession of the land but that is not sufficient to sustain a pos-sessory action. Code of Practice, Article No. 49; Crichton v. Giddens, 148 La. 970, 88 So. 236.
“Had he once held the real, actual and physical possession of the land which was followed by civil and legal possession, this would be sufficient for the purpose of the possessory action but such is not the case.
“It has been held that the payment of taxes on land, alone, is not an act of real possession. Such act only evinces a purpose to preserve ownership and prevent the selling of the property by the sovereign power to satisfy taxes.
“In Jones v. Goss, 115 La. 926, 40 So. 357, it was held that the plowing of furrows around a tract of prairie land was not an act of corporeal possession. Frederick v. Goodbee, 120 La. 783, 45 So. 606, holds that intermittent cuttings of timber over a long period, of themselves are not acts of real possession.
“The possession necessary to a pos-sessory action it was said in Albert Hanson Lumber Co., Ltd., v. Baldwin Lumber Co., Ltd., 126 La. 347, 52 So. 537, 539 must be ‘visible, open, and public.’
“These cases and others dealing with the possessory action clearly reflect the uniform rule established by the courts that nothing less than real and actual possession suffices to sustain such an action especially when the land, as in this case, is susceptible of such possession.”
We have reached the conclusion in view of the evidence in the record that plaintiff was not at the time of the disturbance, nor has it ever been in the real and actual possession of the strip of land lying seventy-five feet or more west of the section line as shown by the McMath survey. There is no claim of .disturbance of the NW% of NW^, Section 25, and this portion of plaintiff’s property is not directly involved.
*513 In the trial court pleas of prescription of ten, twenty and thirty years were filed, predicated upon the court holding title to be at tissue. Title is, of course, not at issue but only the question of whether or not plaintiff had actual and real possession of the property when the disturbance occurred. The pleas have been abandoned on the appeal. They do not appear to be meri-torius.
Our learned brother of the trial court, in rendering judgment upholding plaintiff's contentions, found the line painted red replaced a fence recognized as a common boundary between the two properties. Whether our finding that this conclusion was not proven is correct is not decisive of the issue, for the line, if so established, does not alone, in our opinion, constitute the actual and real possession essential to plaintiff’s action.
Numerous authorities have been cited, including Opdenwyer v. Brown, App.1924, 155 La. 617, 99 So. 482; Cutrer v. Spring, La.App.1941, 4 So.2d 106; Henly et ux. v. Kask, La.App.1942, 11 So.2d 230; Tate v. Cutrer, La.App.1951, 53 So.2d 285; Allen v. Butler, La.App.1952, 60 So.2d 314, but we do not find these decisions helpful. The acts constituting natural possession are necessarily facts which must be established and in each case these are different. For this reason we do not think a useful purpose will be served by reviewing these holdings.
We note defendants reserved their right to. sue for damages sustained as may have been caused by plaintiff’s action and our decree will preserve this right.
For the foregoing reasons the judgment from which appealed is reversed, the writ of injunction which issued herein is recalled and vacated and plaintiff’s demands are rejected at its costs. Appellants’ right to sue for damages sustained as may have been caused by plaintiff’s action is expressly reserved.