GLADNEY, Judge.
Plaintiffs instituted this possessory action to be maintained in possession of, and to restrain defendants from holding services and committing other acts of alleged trespass upon, a certain tract of land comprising 39.6 acres and situated in Caldwell Parish, being the SW °f SW J4, Range 2 East, Township 12 North, Section 30. Made defendants were the Zion Hill Missionary Baptist Church and its individual members. After trial on the merits the lower court rendered judgment for defendants, whereupon plaintiffs perfected this appeal.
The above described property was donated by Jacob R. Riser to the Zion Hill Baptist Church of Ancient and Primitive Baptists in 1851. The donee group subsequently became known as the Zion Hill Missionary Baptist Church, and continuous church services were held on the property by that group until the building was destroyed by a fire estimated to have occurred in 1918. Although the building was not restored and the church did not congregate thereafter, the residents of the Zion Hill community, many of whom had been members of the donee church, maintained a cemetery on the premises and effected the upkeep thereof by holding annual graveyard workings.
Several members of the plaintiff church, which is located some twelve miles distant from the property herein involved, were present at one such graveyard working in 1945 or 1946, at which time there ensued a discussion between said members and certain representatives of the cemetery group, relative to the disposal of timber on the subject tract. The testimony adduced at the trial of this cause indicates both groups understood that the proceeds from the proposed timber sale would be used to construct a meeting house and fence on the property. Plaintiff church, allegedly acting pursuant to legal counsel, obtained approval from the other Primitive Baptist churches in North Louisiana of plaintiff’s recommendations to the effect that plaintiff should dispose of the timber and use the proceeds thereby acquired for the erection of the proposed building and for maintenance of the cemetery. Accordingly, the timber was advertised and sold on January 5, 1948, to Roy O. Martin Lumber Company for $9,-500, which amount was administered by plaintiff’s treasurer as a separate account. A building committee, composed of members from both plaintiff and the Zion Hill cerne- *853 tery group, worked toward the construction of a building acceptable to both groups, and the completed structure was dedicated jointly by the two organizations in 1948. The record indicates that plaintiffs held no subsequent services on the premises, with the possible exception of one instance. Apparently, the only other services conducted thereon until 1956 were sporadic meetings held by members of the Zion Hill group, and, of course, the latter group continued to hold cemetery maintenance meetings.
In the summer or early fall of 1956 plaintiffs attempted to cut some poles or piling from the subject property, whereupon a representative of the Zion Hill group protested the cutting and, with the assistance of a deputy sheriff, compelled the cutters to desist. In September of 1956, defendants began holding regular church services on the property, and in the latter part of that month formally organized the defendant church as it now exists. On January 27, 1957, the Zion Hill Baptist Church adopted a resolution to the effect that said church was the legal successor to the Zion Hill Church of Ancient and Primitive Baptists and, accordingly, asserted its possession as owner of the property donated by Jacob Riser in 1851. Defendants caused the resolution to be published in the parish newspaper on February 28, 1957, and plaintiffs instituted this suit on December 5, 1957.
In its written reasons for judgment the lower court concluded that the plaintiffs did not have possession as owner of the subject premises; a disturbance in fact of such possession as plaintiffs exercised occurred more than a year prior to the institution of this suit; and defendants were proven to have been in possession of the property for more than a year previous to the filing of the suit. In briefs to this court, plaintiffs assign as erroneous each of the above findings.
To prevail in a possessory action, the plaintiff must show (1) his possession of the property as owner at the time the disturbance occurred; (2) his possession quietly and without interruption for more than a year immediately prior to the occurrence of the disturbance; (3) a real disturbance either in fact or in law; (4) institution of the possessory action within a year of the disturbance. Art. 3456, La. Civil Code of 1870; Art. 49, La.Code of Practice of 1870; Arts. 3655, 3656 and 3658, LSA-Code of Civil Proc. of 1960.
Plaintiffs contend that their possession of the property is established by the following facts: the sale of merchantable timber in 1948; the erection of a building on the land in the same year; the construction of a fence around the existing cemetery in 1948; and the cutting of piling and poles from the property in 1956.
The possession requisite to maintenance of the possessory action has been the subject of a large portion of our jurisprudence. Reviewing several of the leading decisions with respect thereto we stated in Southern Advance Bag & Paper Co. v. Broomfield, 2d Cir, 1954, 73 So.2d 510, 512:
“This court’s findings in Forrest v. Messenger, La.App.1945, 20 So.2d 766, 768, may be appropriately applied here:
“ ‘It may be said that plaintiff has the civil or legal possession of the land but that is not sufficient to sustain a possessory action. Code of Practice, Article No. 49; Crichton v. Giddens, 148 La. 970, 88 So. 236.
“ ‘Had he once held the real, actual and physical possession of the land which was followed by civil and legal possession, this would be sufficient for the purpose of the possessory action but such is not the case.
“ ‘It has been held that the payment of taxes on land, alone, is not an act of real possession. Such act only evinces a purpose to preserve ownership and prevent the selling of the property by the sovereign power to satisfy taxes.
‘“In Jones v. Goss, 115 La. 926, 40 So. 357, it was held that the plowing of *854 furrows, around a tract of prairie land was not an act of corporeal possession. Frederick v. Goodbee, 120 La. 783, 45 So. 606, holds that intermittent cuttings of timber over a long period, of themselves are not acts of real possession.
" ‘The possession necessary to a possessory action it was said in Albert Hanson Lumber Co., Ltd., v. Baldwin Lumber Co., Ltd., 126 La. 347, 52 So. 537, 539 must be “visible, open, and public.”
“ ‘These cases and others dealing with the possessory 'action clearly reflect the uniform rule established by the courts that nothing less than real and actual possession suffices to sustain such an action especially when the land, as in this case, is' susceptible ,<?f such possession.’ ”■
And on page 513 of 73 So.2d:
“The acts constituting natural possession are necessarily facts which must be established and in each case these are different.”
Extensive consideration of our law with regard to possessory actions likewise appears in Hill v. Richey, 1952, 221 La. 402, 59 So.2d 434 and Hebert v. Chargois, La. App. 1st Cir. 1958, 106 So.2d 15.
Upon examining the acts relied upon by plaintiffs as ' 'constituting ■ their possession, and after evaluating same in the light of foregoing authorities, we are convinced that plaintiffs have failed to establish actual and real possession of the subject premises such as is required under law for the maintenance of this action. The evidence adduced on trial clearly establishes that the sale and cutting of timber effected by plaintiffs in 1948, was for the use and benefit of the Zion Hill group. Representatives of the latter group were consulted with respect to each and every undertaking concerning the timber sale and the planning and erection of the building and fence. Furthermore, each of the letters of approval acquired by plaintiff from its neighboring Primitive Baptist churches contained a statement to the effect that the proceeds from the proposed timber sale were to be used to erect a building on the premises and to maintain the cemetery thereon. Manifestly, such possessory acts' as were accomplished by plaintiffs'were done in a fiduciary relation for the use and benefit of, and with the consent of, the Zion Hill group. . Plaintiffs clearly did not exercise real and actual possession as owners of the subject premises either in 1948 or at any time subsequent thereto.
The foregoing conclusion renders superfluous our consideration of the questions relative to the disturbance of which complained. Plaintiff’s failure to establish real and actual possession of the subject premises is fatal to its cause.
For the foregoing reasons the judgment from which appealed is affirmed.