131 So.2d 562 (1961)
Allen J. JOHNSON, Plaintiff-Appellant,
v.
Edward W. MERRITT, Defendant-Appellee.
No. 9541.
Court of Appeal of Louisiana, Second Circuit.
June 16, 1961.
Rehearing Denied July 7, 1961.
Campbell, Campbell & Marvin, Minden, for appellant.
Goff & Caskey, Arcadia, for appellee.
*563 BOLIN, Judge.
Plaintiff instituted this possessory action in order to be restored to possession of certain property in Bienville Parish and to compel defendant to remove a fence which was alleged to have been constructed on land belonging to plaintiff. From an adverse judgment rejecting his demands, plaintiff has perfected this appeal.
Plaintiff alleged that he and defendant each owned an adjoining forty acre tract of land; that their title emanated from a common ancestor but by separate deeds of acquisition; that a boundary fence running generally north and south was erected about 1920; that this fence separated the properties for many years; that it was repaired from time to time and replaced with a new fence by plaintiff several years prior to the institution of this suit; that defendant, not being satisfied the fence was the true or ideal boundary between the properties, had same surveyed; that following said survey, defendant removed the fence which had previously existed between the properties for many years and built a new fence on the line as reflected by the survey; that the new fence encroached upon the property possessed by plaintiff. The plaintiff alleged he had possessed the land up to the old fence line since his deed of acquisition, and that the defendant's acts in removing the former fence and erecting a new one was a sufficient act of disturbance to entitle him to relief in a possessory action.
The defendant filed exceptions of vagueness and no cause or right of action in the lower court. These exceptions were never ruled on and we can accordingly treat them as having been abandoned.
In rejecting plaintiff's demands, the district judge assigned written reasons. An examination of this opinion reveals he rejected the demands because he did not find plaintiff was in actual and open possession of the land between the new fence and the old fence at the time of the alleged disturbance. It was his opinion that civil or constructive possession was insufficient as a basis for the possessory action. He was further of the opinion that the plaintiff had failed to show any disturbance on the part of the defendant. This latter conclusion was based on a finding that plaintiff had not objected to the survey being made, and had thereby impliedly consented to the removal of the old fence and the construction of the new one on the boundary as reflected by the survey.
After a careful study of the record, we have concluded the judgment of the lower court is erroneous. We have no serious disagreement with the findings of fact as enunciated by our esteemed brother below, but we do feel that he has incorrectly applied these facts to our jurisprudence as reflected by decisions of this and other appellate courts of this state, some of which we will hereinafter cite and analyze.
Even though the petition contains many allegations relating to the basic title and ownership of the property in dispute, it is clear from an examination of all such pleadings, and particularly the prayer of the petition, that the action instituted is possessory in nature. As this case arose prior to the effective date of the new Code of Civil Procedure, same is governed by the provisions of the Louisiana Code of Practice art. 49, which provides:
"In order that the possessor of a real estate, or one who claims a right to which such estate may be subjected, may be entitled to bring a possessory action, it is required:
"1. That he should have had the real and actual possession of the property at the instant when the disturbance occurred; a mere civil or legal possession is not sufficient;
"2. That he should have had that possession quietly and without interruption, by virtue of one of the titles prescribed in the forty-seventh article, *564 for more than a year previous to his being disturbed; provided the possession of less than one year be sufficient, in case the possessor should have been evicted by force or by fraud;
"3. That he should have suffered a real disturbance either in fact or in law;
"4. That he should have brought his suit, at the latest, within the year in which the disturbance took place.
"When the possession of the plaintiff is accompanied with all those circumstances, it matters not whether he possesses in good or in bad faith, or even as a usurper, he shall nevertheless be entitled to his possessory action."
Therefore, generally speaking, we must first dispose of the issue of possession, and then the issue of disturbance. On the question of possession, we have previously noted the judgment of the lower court was predicated on its conclusion that the possession must have been actual, natural and open at the time of the disturbance and for more than one year prior thereto. Such a conclusion was based on Subsection 1 of the above article of the Code of Practice, together with certain cases that have been decided interpreting same.
From a cursory examination, the language of the above subsection of the Code of Practice seems to be explicit in requiring real and actual possession of the property at the time of the disturbance; mere civil and legal possession being insufficient. However, where the civil possession is preceded by actual and corporeal possession, such civil possession is then sufficient to support the possessory action. This seems to be the well-established jurisprudence of our state. Hill v. Richey, 1952, 221 La. 402, 59 So.2d 434, together with the citations listed therein.
The defendant attaches great weight to the following cases: Crichton v. Giddens, 1921, 148 La. 970, 88 So. 236; Forrest v. Messenger La.App. 2 Cir., 1945, 20 So.2d 766, 768; Southern Advance Bag & Paper Co. v. Broomfield, La.App. 2 Cir., 1954, 73 So.2d 510. An examination of the above cases shows they hold civil or legal possession is only insufficient to maintain a possessory action where same is not preceded by actual and corporeal possession. In fact, we find the correct rule to be stated as follows in the case of Forrest v. Messenger, supra:
"It may be said that plaintiff has the civil or legal possession of the land but that is not sufficient to sustain a possessory action. Code of Practice, Article No. 49; Crichton et al. v. Giddens et al., 148 La. 970, 88 So. 236.
"Had he once held the real, actual and physical possession of the land which was followed by civil and legal possession, this would be sufficient for the purpose of the possessory action but such is not the case."
Another rule which seems to be uniformly accepted in our jurisprudence, relative to the possession necessary to support a possessory action, is that the nature of such possession is the same as required to support the prescription of thirty years. Hill v. Richie, supra; Case v. Jeanerette Lumber & Shingle Co., Inc., La.App. 1 Cir., 1955, 79 So.2d 650.
Applying the above jurisprudence to the facts of the instant case, we have no hesitancy in concluding the plaintiff has shown the necessary possession in order to maintain this action. In fact, it was correctly found by the district judge that plaintiff immediately after purchase of the property began farming the forty acres acquired by him, and that such farming operations continued for many years. The lower court erroneously concluded that, merely because some of this farming was done through tenants, same could not be construed as actual possession. After it became unprofitable to farm, a portion of the land was *565 utilized for raising of cattle and the remainder was used for planting and growing of trees. It is undisputed that during all of this time the land was enclosed with some type of fence. Therefore, it is clear to us that the plaintiff has shown the actual possession of the land for many years preceding the disturbance, and that such possession continued up until the time of the disturbance by such acts as maintaining fences around same, grazing cattle, etc. To say the least, such possession could be classified as civil or legal possession, which was sufficient to continue the actual or corporeal possession which was initially begun by the farming and fencing operation.
We now pass to the consideration of the second issue, and that is whether there was shown a disturbance sufficient to maintian the action. As previously stated, the lower court found a lack of disturbance because the plaintiff failed to protest the moving of the fence. On this point, we quote from the written opinion of the district judge:
"Relative to the second point in the essentials of proof for a possessory action, we are impressed with several things in this case. The first is the matter of surveys. In his testimony the Plaintiff admitted he had a line run 3 or 4 years ago. When he testified as to the fence, he admitted that he thought it was on the forty line; and, in answer to a question, `Is it on the forty line'? he answered:
"`A. That's what it was supposed to be'; and further:
"`Q. Now, that's when you had it surveyed, they didn't come out like you wanted it to come out?
"`A. I didn't have any ruthers about that, only this: I was just wanted what I bought, and that's exactly what I was trying to do.
"`Q. Well, is what you bought described in your deed?
"`A. Yes, suh, I think so. I don't know whether it is or not.'
"The plaintiff here is inconsistent, in that he claims to own land East of the fence, whereas he admits that his intention all the while was to own the forty acres of land East of the forty line. Certainly, according to his own testimony, and his statement of intentions, the only land the Plaintiff could possibly own here is that land he admits that he intended to purchase. The purpose of the various surveys was to establish the line between the two forties. The Plaintiff was present when the last survey was made; and, while he denies that he gave his consent for the moving of the fence, we have no doubt that he expressed his desire not to go down to the place where the fence was being moved, and which was being moved to his knowledge. We hardly see how this could be a disturbance and we hardly see how it takes away possession of land belonging to the Plaintiff. At least he made no move to protest and he made no move to have another and more correct survey made, to determine the exact line."
Plaintiff denied he ever approved any survey that would change the boundary from the one as evidenced by the old fence which separated the two forties. He also denied he ever consented to the removal of this fence and the erection of the disputed fence. In fact, the only evidence of an implied consent by plaintiff was testimony that the new fence was erected in the presence of the brother of plaintiff. There is no evidence that plaintiff expressly gave his consent to the alleged disturbance. In this connection, we deem it appropriate to restate the well-established rule that in a possessory action, neither the title nor the ideal boundary is at issue. Even if it be conceded that plaintiff was desirous of having the theoretical boundary between his property and that of the defendant ascertained, this *566 would have no bearing on the merits of a possessory action except as it relates to the essential elements of such an action as set forth in the article of the Code of Practice above referred to.
The defendant also raises the question on appeal of the difficulty of rendering a judgment in favor of the plaintiff because of the impossibility of definitely describing the property to which the plaintiff desired to be restored to possession. In this connection, it is contended that the pleadings do not reflect an accurate description of the property which was enclosed by the old fence line. However, we do not see any merit in this contention. As this is a possessory action, the title is not at issue and the only thing sought by the plaintiff is that the defendant remove the new fence which admittedly encroached on property which had been enclosed by a prior fence; and that plaintiff be restored to the possession of the property up to the old fence line. Under these circumstances, it matters not whether the property which is restored to the plaintiff is susceptible of being described by metes and bounds. If either of the parties desire a more definite description, the establishment of a boundary, or a judgment affecting the ownership or title, an appropriate action should be instituted for such relief. We are of the opinion that the record substantiates a finding that the plaintiff should be restored to the possession of all that portion of the eighty acre tract lying east of an old fence line running generally north and south, which previously separated the property owned by the plaintiff and defendant; that defendant be required to remove the fence constructed by him east of the old fence line and to restore the possession of the property to the plaintiff.
For the reasons stated herein, the judgment of the lower court is reversed and set aside and it is now:
Ordered, adjudged and decreed that judgment be rendered in favor of Allen J. Johnson, and against the defendant, Edward W. Merritt, ordering the said defendant to forthwith remove at his expense the fence which he erected as a property boundary between the two forties situated in the N ½ of the SW¼ Section 18, Township 17 North, Range 6 West, Bienville Parish, Louisiana; and that plaintiff be restored to the possession of all of the property east of the old fence previously running generally north and south, which purportedly served as a boundary between the two forties.
It is further ordered that the defendant-appellee pay all costs including those of this appeal.
Reversed and rendered.

On Application for Rehearing
PER CURIAM.
In our opinion on original hearing we stated that exceptions of vagueness and of no cause or right of action filed on behalf of defendant in the lower court had not been passed upon, and, accordingly, were treated as abandoned.
In application for rehearing defendant-appellee calls our attention to the fact that we were in error with respect to the exception of vagueness. The minutes of the Court show that the said exception was argued and submitted on October 18th and overruled on October 21, 1960. However, no objection to this action was made by counsel for defendant-appellee in brief on original hearing hereof.
Inasmuch as the basis for the exception of vagueness was thoroughly discussed and determined in our opinion on the merits, we do not perceive that our inadvertent error has been the cause of any prejudice to defendant-appellee.
The application for rehearing is denied.