LEMMON, Judge.
This is a possessory action, in which the City of New Orleans is seeking to be maintained in possession of a vacant strip of ground in the face of defendant New Orleans Canal, Inc.’s recordation of certain documents purporting to vest ownership in that defendant. After trial on the merits judgment was rendered in favor of the City. New Orleans Canal, Inc. has appealed.
' The principal issue on appeal is whether the City proved it had possession of the property, as contemplated by C.C.P. art. 3658(1), at the time the disturbance in law occurred.[1]

Facts

The property in question is a vacant strip of ground, measuring 40 feet in width and approximately 7,200 feet in length. The strip forms a portion of the neutral ground which lies between West End Boulevard and Pontchartrain Boulevard, and the strip extends in length from Robert E. Lee Boulevard to Polk Avenue. (The strip is the shaded area on the attached Appendix, which is an annotated reproduction of a trial exhibit.)
The area between the two boulevards is 340 feet wide, and the 40-foot strip in question lies adjacent to the right of way of West End Boulevard. The other part of the neutral ground (adjacent to Pontchartrain *997 Boulevard) is a 300-foot strip (part of which was formerly the bed of the New Basin Canal, filled in around 1950), which at the filing of the suit was owned by the Louisiana Department of Public Works.
Between July 26,1963 and March 11,1964 defendant recorded several acts of sale and mortgage affecting the 40-foot strip. On July 14, 1964 the City filed this action, alleging the disturbance in law and seeking to be maintained in its possession. After numerous delays because of settlement negotiations the matter proceeded to trial in 1978, resulting in the judgment here appealed.

Judicial Estoppel

Noting that the City had filed an earlier suit on the same cause of action, which had improperly cumulated the petito-ry and possessory actions, defendant argues that the City thereby judicially confessed defendant’s possession and is now estopped from again claiming possession.
The earlier suit was dismissed without prejudice, and this court affirmed that dismissal, although defendant’s appeal asserted the matter should have been dismissed with prejudice. See City of New Orleans v. New Orleans Canal, Inc., 173 So.2d 43 (La.App. 4th Cir. 1965). In the present case defendant pleaded judicial estoppel, and the trial court properly rejected that plea, noting that it might have been successful under Article 54 of the repealed Code of Practice.
Comment (c) following C.C.P. art. 3657 characterized an irrevocable waiver of the possessory action resulting from an inadvertent cumulation with the petitory action as “too harsh a penalty” and noted the article’s intent to change the prior law. See also Yiannopoulos, 2 Louisiana Civil Law Treatise — Property, § 138, p. 426 (1966). Furthermore, the new article omitted the repealed article’s language which expressly provided that the one bringing the petitory action was “not afterwards” entitled to bring the possessory action.
We therefore affirm the trial court’s conclusion that a plaintiff, after dismissal without prejudice of a possessory action improperly cumulated with a petitory action, may renew the possessory action in a second suit.

Merits

While it alleged many acts of possession, the City at trial proved only (as to the pertinent time prior to filing of suit) that it mowed the grass and picked up trash regularly on the 40-foot strip (while mowing and cleaning the entire neutral ground), that it constructed and has maintained four cross streets and several pedestrian crossings (across the entire neutral ground), and that it had installed underground utility lines (some with gratings visible at ground level) at some points on the strip. The crucial issue is whether this proof of possession is sufficient to support a judgment in a pos-sessory action.
The City exercised possession appropriate for the type of property (vacant land used in an urban area as a neutral ground between two major thoroughfares) by cutting the grass, constructing cross streets and pedestrian crossings, and installing utility lines over a period of many years without any objections from persons claiming to be the true owner. These activities were the same activities the City performed as owner or servitude grantee on the other parcels of ground used by the City as a neutral ground. Furthermore, the City’s construction of streets and crosswalks not only was significant activity usually undertaken only by the owner of property (or with his permission or authority), but also was a significant activity that would normally elicit an objection or inquiry from any other person claiming ownership.[2]
*998 The City’s exercise of possession in this case was continuous (by the possessor’s activities), uninterrupted (by activities of a third party adverse to the possessor), public (open and not clandestine), peaceful (non-violent), and unequivocal (by activities exercised as owner and not explainable on another basis). Thus, the City has proved the type of possession required by C.C. art. 3500 as the foundation for acquisite prescription, which is the type of possession applicable to possessory actions. Hill v. Richey, 221 La. 402, 59 So.2d 434 (1952).
Defendant argues, however, that since there were no markers to designate the boundary between the 40-foot strip and the 300-foot strip, the City’s possession without title is not evidenced by enclosures, as required by the jurisprudence.
The concept of enclosures is pertinent to the determination of extent of possession. When a possessor has a title, his exercise of possession over a part of the property constitutes the exercise of constructive possession of the whole; however, when a possessor does not have a title, his claim of possession is limited in extent to that property shown by enclosures (artificial or natural boundaries) and his possession must be proved “inch by inch”, so that the possessor must establish actual, physical and corporeal possession over the entire amount of land claimed in the possessory action. Stated otherwise, the possessor without title is entitled to be maintained in possession only to the extent of the boundaries within which he proved actual, physical and corporeal possession, and he enjoys no constructive possession beyond the limits of his actual possession. Prevost’s Heirs v. Johnson, 9 Mart. (O.S.) 123 (La.1820); Crichton v. Giddens, 148 La. 970, 88 So. 236 (1921); Risemore, The Possessory Action in Louisiana, 20 Tul.L.Rev. 524, 537 (1946); Yiannopoulos, above, § 138, pp. 110-111 (1978 Supp.).
In the present case the City proved actual, physical and corporeal possession of the entire area between the two major thoroughfares, including the 40-foot strip of land. It matters not that the boundary between the two strips was not marked or that the City, in exercising possession of the entire area between the two thoroughfares, did so with permission of the owner (Louisiana Department of Public Works) as to the 300-foot strip and without permission as to the 40-foot strip in question. Proof of possession and the extent thereof is a question of fact, and the City’s proof of possession of the entire area establishes possession of the lesser area. Furthermore, the fact that the City possessed part of the area between the two boulevards with the owner’s permission does not defeat the City’s claim of adverse possession of the 40-foot strip.[3]
Defendant next argues that the City’s construction and maintenance of the cross streets merely entitles the City to a servitude limited to the affected area. R.S. 48:491 might be relevant to the question of whether the streets can remain at the present location if defendant is successful in a subsequent petitory action, but the statute does not defeat or limit a possessor’s claim in a petitory action. The City’s activities in constructing and maintaining the streets are properly considered as proof of continuous and open possession, just as the activities in cleaning, grass cutting and utility line construction and maintenance are properly considered as proof of the character and extent of possession.
Finally, it should be emphasized that although one who possesses property openly as owner and without interruption for more than one year is entitled to the status of possessor, that status merely entitles one to be maintained in possession against everyone but the true owner, and the recognition of one’s status as possessor in no way affects another’s claim of ownership. The import of this case is simply that the City may retain possession against defendant, despite defendant’s recordation of the perti *999 nent instruments, until a claim of ownership is asserted and proved.[4] While the issue of ownership will be pertinent in a petitory action, it is not even cognizable in a possessory action.
The judgment of the trial court, however, should be amended in one respect, as pointed out by defendant in its application for a new trial. The City prayed for an order requiring the defendant to assert its adverse claim of ownership within a delay fixed by the court, not to exceed sixty days, and C.C.P. art. 3662(2) mandates that the judgment set this period of time for the defendant, if prayed for in plaintiff’s petition.[5]
For these reasons the judgment of the trial court is amended to order the defendant-appellant to assert its adverse claim of ownership in a petitory action to be filed within sixty days after the date this judgment becomes executory or be precluded thereafter from asserting ownership of the immovable property. As amended, the judgment is affirmed.

AMENDED AND AFFIRMED.

GARRISON, J., concurs in part and dissents in part, and assigns reasons.
APPENDIX
[[Image here]]

. The requisite proof in a possessory action is specified by C.C.P. art. 3658 as follows:
“To maintain the possessory action the possessor must allege and prove that:
(1)He had possession of the immovable property or real right at the time the disturbance occurred;
(2) He and his ancestors in title had such possession quietly and without interruption for more than a year immediately prior to the disturbance, unless evicted by force or fraud;
(3) The disturbance was one in fact or in law, as defined in Article 3659; and
(4) The possessory action was instituted within a year of the disturbance.”

. The very theory of a possessory action is that one who over a specified period of time, openly and without objection, performs activities Usually done by the owner, is presumed to be the owner and that one, having attained the status of possessor, is entitled to be maintained in possession until someone else proves ownership.

. Indeed, the fact that the City exercised possession of the 40-foot strip without permission is significant proof of unequivocal possession as owner.

. Perhaps even the former advantage in burden of proof flowing from a successful possessory action is no longer as significant since the adoption in 1979 of the amended and reenacted C.C. arts. 531 and 532.

. C.C.P. art. 3662(2) provides:
“A judgment rendered for the plaintiff in a possessor,’ action shall:
******
“(2) Order the defendant to assert his adverse claim of ownership of the immovable property or real right in a petitory action to be filed within a delay to be fixed by the court not to exceed sixty days after the date the judgment becomes executory, or be precluded thereafter from asserting the ownership thereof, if the plaintiff has prayed for such relief”.