303 So.2d 272 (1974)
Harry GUILLOT
v.
Edward ALLEMAN.
No. 9582.
Court of Appeal of Louisiana, First Circuit.
June 28, 1974.
Rehearing Denied August 13, 1974.
Writ Refused October 18, 1974.
Thomas Guzzetta, Thibodaux, for appellant.
Harry Guillot, in pro. per.
*273 Before LANDRY, ELLIS and PICKETT, JJ.
PICKETT, Judge.
This is a suit for declaratory judgment, wherein plaintiff, Harry Guillot, seeks to be declared owner of the following described property, acquired by him from Julia Boudreaux Campo and Eddie Boudreaux on August 10, 1959:
"A certain tract of land situated in the Parish of Assumption, State of Louisiana, having eight (8) arpents front on the sourthern boundary line of the northwest quarter of Section 38, Township 12 South, Range 13 East, extending from the western boundary of the Township east along said southern boundary for eight arpents and by a depth between parallel lines to the whole depth of said quarter section. Said tract being bounded west by township line, north by northern boundary line of Section 38, south by southern boundary line of northwest quarter of said section 38, east by remainder of the northwest quarter of said Section 38.
Being a portion of the same property acquired by Murville Campo by act dated April 1, 1855, duly recorded in Conveyance Book 21, page 416 of the Conveyance Records of Assumption Parish, Louisiana."
The said tract forms the westerly eight arpents of the Northwest quarter of Section 38, Township 12 South, Range 13 East, and is traversed by Bayou Pierre Part, which enters the tract just west of the northeast corner, and exits just north of the southwest corner thereof.
Plaintiff claims ownership of the property as the successor in title to Murville Campo, who acquired the said tract on April 1, 1855. Plaintiff's immediate predecessors in title acquired the property from Julia Campo Boudreaux, Murville Campo's sole heir at law.
The original defendants were nine sons and daughters of Oscar Alleman and Alice Blanchard, his wife. At the time the suit was filed, various interrogatories were propounded to Edward Alleman, one of the children, and the principal defendant herein. In answering the interrogatories, Mr. Alleman stated that he claimed an undivided one ninth interest in that part of the property lying west of Bayou Pierre Part, acquired together with his brothers and sisters by inheritance from their parents, and by the prescriptions of 10 and 30 years. Mr. Alleman further stated that he claimed full ownership of the property east of the Bayou, by title and by the prescriptions of 10 and 30 years, with certain exceptions, to be detailed lated.
It was further disclosed that some of his brothers and sisters were deceased, leaving heirs not made parties, and that there were two parcels within the main tract, the Savoie-Russo and the Dugas parcels, which were claimed by others adversely to plaintiff.
Edward Alleman also filed a peremptory exception of nonjoinder of indispensable parties, naming the heirs of his deceased brothers and sisters, and the claimants of the Savoie-Russo and Dugas parcels as indispensable parties.
Plaintiff then filed a supplemental petition, naming all of the Alleman heirs as parties defendant. None of these persons, other than Edward Alleman, having made an appearance or filed any pleadings, plaintiff obtained judgment by default against them, on September 23, 1966, recognizing plaintiff as owner of the eight arpent tract above described, less and except a parcel sold by Murville Campo to Leandre Hebert on July 3, 1855. This judgment was not appealed, and a suit for its nullity, brought by Edward Alleman, was unsuccessful. See Alleman v. Guillot, 225 So.2d 607 (La.App. 1 Cir. 1969).
In October, 1968, the exception of nonjoinder was heard as to the Savoie-Russo and Dugas claimants, and was overruled.
*274 Thereafter, on February 11, 1969, Edward Alleman filed a peremptory exception of res judicata and estoppel. On October 21, 1970, a peremptory exception of non-joinder of indispensable parties was filed. Neither of these exceptions was disposed of by the trial court prior to trial and, we assume, were abandoned by the defendant.
Thereafter, an answer was filed by Edward Alleman, in which he denied the validity of plaintiff's title for various reasons, alleged himself to be in peaceable possession thereof, and prayed to be maintained in his possession. He further asked for, and eventually obtained, a jury trial as to all issues.
We further note in the record a "Plea of Estoppel by Warranty" filed by defendant on February 10, 1972, and a peremptory exception of res judicata filed by plaintiff, the latter being directed at efforts by defendant to claim more than an undivided one ninth interest in any part of the property because of the default judgment rendered against his co-heirs in 1966. The latter pleading was filed April 20, 1972.
Trial was held before a jury, on February 10 and 11, and April 20 and 21, 1972, which resulted in a verdict and judgment for plaintiff, recognizing him as owner of the eight arpent tract, less two parcels lying south and east of the bayou, as to which plaintiff abandoned his claim during the trial.
From that judgment, defendant has appealed to this court, alleging numerous errors both procedural and substantive, in the proceedings below.
We further note that on April 21, 1972, the fourth day of the trial, defendant filed interrogatories to be propounded to T. J. Weishaupt, a surveyor, who had made a survey of the subject property in 1953, and who was, at the time of the trial, living in Costa Rica. Of course, no answers to the interrogatories were received by the time the matter was submitted to the jury.
Subsequently, defendant prayed for a new trial on the basis of newly discovered evidence, i. e., the answers to the interrogatories. The new trial was denied.
Before discussing the relative merits of the parties claims, we must establish the identity of the parcels of ground in dispute herein.
On July 3, 1855, Murville Campo sold to Leandre Hebert the following property:
"A tract of land situated in this Parish on the east bank of the Bayou Pierre Part, forming the west part of quarter Section No. 38 Township No. 12 Range No. 13 east measuring thirty four arpents no/100 superficies according to plan of survey of said quarter section in the hands of the parties, made on the 27th of June, 1855, by J. G. Taylor, Deputy Surveyor."
The survey mentioned is not of record. However, we have no difficulty in determining that the parties intended to convey the westernmost 34 arpents to the northwest quarter of Section 38 lying south and east of Bayou Pierre Part. Our conclusion in this respect is supported by the fact that, when the Leander Hebert tract was partitioned between Edward Alleman and Clebert Dugas et als, who owned three quarters and one quarter thereof, respectively, on September 4, 1953, the easterly limit thereof was fixed at the east line of the 8.55 arpent tract allotted to Clebert Dugas et al, which is described as being bounded on the east by lands of Murville Campo, now or formerly. As pointed out above, plaintiff abandoned any claim to the Leandre Hebert tract during the course of the trial.
Therefore, the property in dispute in this court is that part of the northwest quarter of Section 38, lying north and west of the Bayou, and that part of the 8 arpent tract lying south and east of the Bayou and east of the Clebert Dugas tract. For purposes of illustration, a sketch of the property, showing the relative location of the Bayou, the Leandre Hebert tract the present Alleman and Dugas tracts, and the Savoie-Russo tract is attached.
*275 Suits for declaratory judgment in which ownership of immovable property is involved must be decided according to Article 3654 of the Code of Civil Procedure, which provides:
"When the issue of ownership of immovable property or of a real right is presented in an action for a declaratory judgment, or in a concursus, expropriation, or similar proceeding, or the issue of the ownership of funds deposited in the registry of the court and which belong to the owner of the immovable property or of the real right is so presented, the court shall render judgment in favor of the party:
(1) Who would be entitled to the possession of the immovable property or real right in a possessory action, unless the adverse party makes out his title thereto; or
(2) Who proves better title to the immovable property or real right, when neither party would be entitled to the possession of the immovable property or real right in a possessory action."
As can be seen, the question of possession must be settled before the issue of title may be considered.
The jury found as a matter of fact that defendant was not in possession of the disputed tracts. As to that part of the property lying north and west of the bayou, we find this conclusion to be manifestly erroneous.
The uncontradicted testimony of Edward Alleman and his sons establishes possession from 1912 until about 1956 through residing thereon, fencing parts of it, cultivating parts of it, and running cattle and goats thereon.
Although no specific acts of possession have been shown since then, we find no interruption or disturbance of the possession since that time. We conclude that defendant remained in possession of the property north and west of the bayou until this suit was filed. See Articles 3443 and 3444, Civil Code.
That being the case, we must determine if plaintiff has made out his title to that part of the property. As pointed out above, plaintiff is claiming under the heirs of Murville Campo. However, we find in the record a sale by Murville Campo to Arcene Blanchard, dated July 3, 1955, conveying the following parcel:
"A tract of land situated in this parish being the portion of quarter Section No. 38 Township No. 12 Range No. 13 east which is located west of Bayou Pierre Part, measuring 28 Arpents 80/100 in superficies, according to figurative plan of said quarter section now in the hands of the parties."
Despite the fact that the plat referred to is missing, we find Murville Campo divested himself of all of the northwest quarter of Section 38 lying north and west of the bayou. Plaintiff, therefore, has not made out his title to that parcel based upon his acquisition by deed from the Campo heirs. For purposes of this litigation, however, plaintiff has established title to an undivided eight-ninths of this tract by virtue of plaintiff's default judgment against the above named heirs of Arcene Blanchard. On the other hand, defendant has established ownership of an undivided one-ninth interest in this parcel, as an heir of Arcene Blanchard. We so find because, at the time the default judgment was rendered in plaintiff's favor, defendant had, by answers to interrogatoris and by an exception of non-joinder alleged that defendant owned only an undivided one-ninth interest in the property north and west of the bayou, and that defendant's co-heirs owned the other eight-ninths. No pleadings have been filed to indicate any interest in defendant adverse to defendant's co-heirs, and the point was raised only after trial commenced. Defendant cannot contradict *276 in brief the judicial confession previously made by him herein.
With respect to that portion of the property lying south and east of the bayou and east of the Dugas parcel, we find no alienation thereof by Murville Campo, and no title thereto into defendant. We specifically noted and hold that the sale to Leandre Hebert by Murville Campo conveyed only the property which was partitioned by defendant and Clebert Dugas, et als. Harry Guillot acquired the property in 1959. In 1961 he cleared that part of the parcel lying south of the highway, and in 1963 he cleared the property north of the highway back to the swamp, some 300 to 400 feet. He continued to keep the growth down by cutting the grass and undergrowth until this suit was filed in 1965. There is no evidence of possession of this strip by defendant Alleman since 1959, when Guillot acquired it. We, therefore, find that Harry Guillot was in possession thereof and, Mr. Alleman not having made out any title thereto, Mr. Guillot is entitled to be declared the owner thereof.
In the light of the foregoing, we now find that the trial judge's determination that the claimants of the Dugas and Savoie-Russo parcels were not indispensable parties hereto is correct. The entire dispute between Mr. Guillot and Mr. Alleman has, in fact, been concluded without in any way affecting the rights of those parties.
The foregoing findings of the court dispose of all of defendant's specifications of error, with two exceptions. He complains of the failure of the trial court to grant a new trial for the purpose of receiving the deposition of T. J. Weidhaupt, which arrived from Costa Rica after completion of the trial. It is obvious that this evidence could have been obtained prior to trial with due diligence. The survey was made in 1953, the suit was filed in 1965, and defendant's present counsel has represented him since 1970. The motion was properly denied.
Finally, defendant alleges that the court erred:
"In rendering a default judgment recognizing plaintiff as owner of the property in dispute without specifically adjudicating the question of whether the defaulting parties were co-owners with appellant, and, if so, whether their right to accept the succession of their common ancestor in title was barred by the thirty year liberative prescription applicable to acceptance of successions."
Defendant's above noted judicial confession conceding ownership of an eight-ninths interest by defendant's co-heirs in the property, and plaintiff's default judgment against said co-heirs renders it unnecessary to consider defendant's last contention insofar as this present litigation is concerned.
The judgment appealed from is reversed insofar as it declared plaintiff, Harry Guillot, to be owner of the undivided one-ninth interest in that part of the the disputed tract lying north and west of the bayou, which we declare herein to belong to defendant, Edward Alleman, and affirmed insofar as it declared plaintiff, Harry Guillot, to be the owner of the disputed property lying south and east of the bayou.
It is therefore, ordered, adjudged and decreed that plaintiff, Harry Guillot, and defendant, Edward Alleman, be and they are hereby declared owners in the proportion of an undivided eight-ninths to plaintiff, Harry Guillot, and an undivided one-ninth to defendant, Edward Alleman, of the following described property:
That part of the northwest quarter of Section 38, Township 12 South, Range 13 East, Assumption Parish, Louisiana, lying north and west of Bayou Pierre Part, LESS AND EXCEPT the parcel sold by Oscar Alleman to Felix Rodrigue on May 14, 1894, and now belonging to *277 Tony Russo and Clarence J. Savoie, or their heirs, or assigns.
It is further ordered, adjudged and decreed that there be judgment herein in favor of plaintiff, Harry Guillot, and against the defendant, Edward Alleman, decreeing plaintiff, Harry Guillot, to be the owner of the following described property, to-wit:
That part of the northwest quarter of Section 38, Township 12 South, Range 13 West, Assumption Parish, Louisiana, lying on the Southeast side of Bayou Pierre Part, bounded on the North by the north line of Section 38, on the East and South by land of G. L. LaBarre, and on the West by lands of Clebert Dugas, et als., and Bayou Pierre Part.
It is further ordered, adjudged and decreed that all costs of these proceedings be borne equally by the parties hereto.
Affirmed in part, reversed in part, and rendered.