BOLIN, Judge.
In this possessory action David Mustiful alleges he had been in possession of approximately 140 acres of land for a number of years when F. N. Galaspy disturbed his possession by filing in the public records a deed to him describing 100 acres of the property. The trial judge found plaintiff failed to prove he had possessed the land for one year prior to the disturbance as required by Louisiana Code of Civil Procedure Article 3658.[1] From judgment rejecting plaintiffs demands and taxing him with costs, including the fees of two expert witnesses, he appeals. We amend the judgment by reducing the fees of the experts.
The issues are:
(1) Whether or not plaintiff proved the necessary possession required by C.C.P. Article 3658(1)(2);
(2) If the lower court judgment is otherwise correct, should plaintiff have been required to pay the expert witness fees?
It is undisputed that of the 140 acres plaintiff owned and occupied a 40-acre tract, upon which plaintiff’s house was located and which was enclosed by a four-strand barbed wire fence. It is the remaining 100 acres that is the subject of this dispute.
Plaintiff testified that preceding defendant’s disturbance he had been possessing the 100 acres continuously for a number of years by building and maintaining fences around the property and grazing his cattle thereon. Several of plaintiff’s neighbors *661 also testified generally to the same effect. However, upon cross-examination each of these witnesses admitted the fences were poorly maintained and the cows more or less roamed at will from the 100-acre tract to adjoining land.
Defendant offered the testimony of two foresters who were familiar with this property, each of whom said the land was not completely enclosed by fences. Also testifying for defendant was a school teacher who had formerly been an insurance adjuster. This witness was familiar with the property and took several photographs of the fences. Although these photographs were taken several months after the disturbance in question, they do reflect that the alleged fences in many places were remnants of former fences.
The trial judge found “portions of an existing . . . fence of dubious quality and effectiveness were partially maintained, on intermittent occasions . [but] no ‘enclosure’ was maintained. Some of plaintiff’s cattle grazed through the two tracts [20-acre and 80-acre tracts], although it is all wooded and no pastures were on these tracts, and none was attempted. No cultivation of any nature occurred on the 100 acres during the period of time at issue.”
The type of possession required to maintain a possessory action is the same as that required to maintain the acquisitive prescription of thirty years. Louisiana Code of Civil Procedure Article 3660; Hill v. Richey et al., 221 La. 402, 59 So.2d 434 (1952); Broussard v. Louisiana Land and Exploration Co., 164 So.2d 84 (La.App. 1st Cir., 1964); Broussard v. Motty, 174 So.2d 246 (La.App. 3rd Cir., 1965).
The grazing of cattle on a tract of land which is enclosed by properly maintained fences may form the basis of a pos-sessory action. Robertson v. Morgan, 116 So.2d 141 (La.App. 1st Cir., 1959); Johnson v. Merritt, 131 So.2d 562 (La.App. 2nd Cir., 1961).
We agree with the factual findings of the trial judge. Under these facts plaintiff has not established sufficient possession to form the basis of a possessory action. At most he grazed some cattle on the property which was never enclosed by a fence maintained by him.
During oral argument before this court plaintiff for the first time contended the lower court erred in fixing the expert fees of the two foresters at $250 each and taxing these fees as costs. Both witnesses were accepted by the lower court as experts and gave opinion evidence. Each testified as to the service rendered by him and that his charge to the defendant for his service was $150. The court fixed each fee at $250. Louisiana Revised Statutes 13:3666 authorizes the court to determine the amount of expert witness fees which may be taxed as costs. These fees may be determined from the testimony adduced during trial or by rule to show cause. In this case we find there was ample testimony from which the court could determine the fees. The amount of the fee is left largely to the discretion of the trial court. However, there is no evidence to support a fee in excess of $150 to each expert.
The judgment is amended to reduce the fee of each expert witness from $250 to $150, and as thus amended the judgment is affirmed at appellant’s cost.

. Art. 3658.
To maintain the possessory action the possessor must allege and prove that:
(1) He had possession of the immovable property or real right at the time the disturbance occurred.
(2) He and his ancestors in title had such possession quietly and without interruption for more than a year immediately prior to the disturbance, unless evicted by force or fraud;
(3) The disturbance was one in fact or in law, as defined in Article 3659; and
(4) The possessory action was instituted within a year of the disturbance.