411 So.2d 1142 (1982)
Oscar ALLEMAN, et al.
v.
Steven JOFFRION, et al.
No. 14530.
Court of Appeal of Louisiana, First Circuit.
March 2, 1982.
Rehearing Denied April 13, 1982.
*1143 Ralph Tureau, Gonzales, for appellant Oscar Alleman.
Thomas Guzzetta, Thibodaux, for appellant Edgar Alleman.
Steven Joffrion, Donaldsonville, in pro. per. and for appellee Newton Landry.
L. Phillip Canova, Jr., Plaquemine, for appellee Harry Guillot.
Before ELLIS, LOTTINGER and PONDER, JJ.
PONDER, Judge.
Plaintiffs brought a possessory action against defendants based on defendants' recordation of a deed. Defendants reconvened asserting a disturbance of their possession by the plaintiffs and sought an injunction. The trial judge ruled in favor of plaintiffs in reconvention and granted the injunction. Plaintiffs appealed.
The issues are failure to consider evidence in a related suit, refusal to consolidate the two suits and proof of possession in appellants and appellees.
After this court in Guillot v. Alleman, 303 So.2d 272 (La.App. 1st Cir. 1974), writs denied 303 So.2d 749 (La.1974), held that Guillot was the owner of an undivided eight-ninths (8/9) interest in the property and Edward Alleman, the father of plaintiffs in the present action, was the owner of an undivided one-ninth (1/9) interest, Guillot filed a partition suit and bid on the property at the partition sale. He then sold the disputed tract to the defendants, Joffrion and Landry.
The latter had the land surveyed and laid out in lots. Shortly thereafter, the survey stakes disappeared. Joffrion and Landry, suspecting the Allemans, filed suit for damages from the trespass. This suit had been tried but not transcribed before the trial of the instant case.
Plaintiff, Edgar Alleman, filed a possessory action against defendants, in September of 1979, alleging that recordation of the act of sale to the defendants dated August 31, 1978 and amended February 16, 1979, constituted a disturbance in law. Oscar Alleman, Edgar's brother, filed a petition of intervention alleging he possessed along with Edgar Alleman. In August of 1980, the defendants filed a reconventional demand alleging their possession had been disturbed.
Appellants contend that the trial court erred in failing to consider the evidence introduced in the prior trespass action brought by Joffrion and Landry against the Allemans. They contend that attorneys in the trespass suit stipulated that the evidence would be applicable to the present case. However, that record was never introduced into evidence. The proper method by which a record of a prior proceeding is made part of a current case is outlined in LSA-R.S. 13:3723.[1] This procedure was not followed.
*1144 Records of other proceedings are admissible in evidence in a subsequent suit, but there must be some motion or request to that effect by the party desiring the former record to be admitted; the court will not take judicial notice of the record. Spencer v. Crain, 61 So.2d 613 (La.App. 1st Cir. 1952). We find no error.
Appellants urge that the trial court erred in not consolidating the possessory and trespass actions. However, the language granting the court the power to consolidate is discretionary in nature. La.C.C. P.Art. 1561.[2] We find no abuse.
Appellants contend that the court was in error in finding that Joffrion and Landry had possession and were entitled to an injunction. They assert that occasional visits by Joffrion and Landry were insufficient to constitute possession, that the actions of a survey crew in surveying the line between the instant property and that admittedly belonging to the Allemans were insufficient to put the latter on notice of an adverse claim and that the court's finding that the crew was on the property on 15 days was based on patently false testimony. The court's finding that the Allemans knew of the stakes, even though they denied any knowledge of the disappearance, was based upon testimony of at least one of the plaintiffs that he saw the survey party only when the fence, evidently of a catch pen, was destroyed. The court's finding that there were more than occasional visits was based upon evidence that both Landry and Joffrion, in addition to having the property surveyed, made numerous trips to the property, some with prospective purchasers of the lots. There was testimony of numerous trips of the survey crew to survey the western line and the lay out of the lots. The court's finding, too, that all this action could not have occurred without the plaintiff's knowledge is based upon testimony of witnesses which it found credible. Factual conclusions of the trial court, particularly where the credibility of witnesses is involved should not be disturbed on appellate review except upon a finding of manifest error. Montgomery v. Breaux, 338 So.2d 314 (La.App. 3rd Cir. 1976), writ denied 341 So.2d 410 (La.1977). We find no error.
On the issues of proof of possession by themselves, plaintiffs first complain that the court erred in considering testimony of activity only after the acquisition by Joffrion and Landry. However, once the trial judge found that plaintiffs in reconvention had proven the requisites of maintaining a possessory action, there was no need for him to consider acts that occurred prior to their acquisition. Also, there was some question whether the Allemans were possessing for themselves as owners prior to their father's death in 1978.
They complain further that the court erred in finding that their grazing of livestock on the property and their having the grass cut and more grass planted was not sufficient to prove possession in themselves. There was evidence, which evidently the court believed, that the cattle could roam to, on and from the unenclosed property at will. The court was correct in finding that grazing cattle on an unenclosed tract of land is not alone sufficient to prove possession. Mustiful v. Galaspy, 340 So.2d 659 (La.App. 2nd Cir. 1976). Furthermore, Joffrion and Landry testified they did not find this to be an assertion of adverse possession because they did not know who owned the cattle and were receiving the benefit of decreased grass and weeds.
*1145 The court agreed that the "chopping" or plowing of the grounds was an act of adverse possession which disturbed the possession of Joffrion and Landry leading to the timely reconventional demand by them.
We find no error.
For these reasons, the judgment of the trial court is affirmed with costs assessed to the appellant.
AFFIRMED.
NOTES
[1] LSA-R.S. 13:3723:

"Whenever, during the trial of any suit or process, whether civil or criminal, before any of the district courts, either party may desire to offer in evidence any record, paper, or document belonging to the files or records of the district court of the parish in which the trial is proceeding, the presiding judge at the request of such party shall direct the clerk of the district court to produce such record, document, or paper, in order that it may be used in evidence. The clerk in any such case shall not have to make a copy of any such record, document, or paper, unless the case in which it is offered is appealed, in which case the transcript of appeal shall be made up from the papers themselves."
[2] La.C.C.P.Art. 1561:

"When two or more separate suits involving a common issue of law or fact are pending in the same court, the court, at any time prior to trial, may order the consolidation of the suits for trial or may order a joint trial of any of the common issues."