COLE, Judge.
This is a boundary action. The question presented is whether through ten year acquisitive prescription a boundary has been established by defendants between their land and the adjoining land owned by the plaintiffs.[1]
*218 The procedural posture of this case is set forth by the trial court as follows:
“On July 25, 1979, one Howard Daigle, Sr., claiming to be the owner of an undivided interest in a tract of land in the Parish of Assumption containing ... thirty four arpents no/100 superficies ... and known as the ‘Dugas-Alleman’ tract, filed suit to have the boundary fixed between his tract and that of defendants Steven Joffrion and Newton Landry. On October 9, 1979, Edgar Alle-man, Jr., Gary Alleman and Gerald Alle-man, Sr. moved the court to be substituted as parties plaintiff, alleging that they had acquired title to the property formerly belonging to the plaintiff. On October 10, 1979, the defendants filed an answer of general denial. On February 1, 1980, the two defendants filed a third party demand against their predecessor in title, one Harry Guillot, praying for a money judgment against Guillot should the boundary action cause the third party plaintiffs to lose acreage. On October 2, 1980, the substituted plaintiffs filed an amended petition wherein they alleged certain portions of the property along the boundary in dispute had been sold and made the new owners party defendants, including J.J.L. Land Co., who had purchased from the principal defendants, Joffrion and Landry.
October 28, 1980, defendants Joffrion and Landry filed peremptory exceptions, contending that the disputed boundary had been the subject of a boundary agreement dated August 15, 1969, between the respective plaintiffs and defendants’ predecessors in title. After hearing, the exception of Res Judicata was overruled. The defendant J.J.L. Land Co., Inc. then filed amended answers raising the affirmative defenses of compromise and/or settlement to the boundary action based on the August 15, 1969, boundary agreement and good faith possession of the property allegedly in dispute in the boundary action.
On September 11, 1981, the plaintiffs took a preliminary default against those defendants who were joined as defendants in their supplemental petition filed on October 2,1980, and who had not filed responsive pleadings in this matter. Remaining as represented defendants were Steven Joffrion, Newton J. Landry and Arbruge Guillot, all represented by Jof-frion and Dugas, attorneys.
On September 30, 1982, defendants Steven Joffrion and Newton J. Landry dismissed their third party demand against Harry P. Guillot.
On March 18, 1983, the plaintiffs filed a novel motion entitled ‘Motion to Join Indispensable Parties,’ alleging in the motion that certain co-owners of the plaintiffs were never joined as plaintiffs. The motion was denied by this court. This motion incidentally was most unique in that it constituted an exception of non-joinder of indispensable parties being filed by the plaintiffs rather than by the defendants.[1] The plaintiffs did not attempt to nor did they pray for leave of court to file an amended petition to compel the alleged indispensable parties to join them as plaintiffs or defendants in this action. Needless to say, it is the defendants and only the defendants who might conceivably suffer from the non-joinder of alleged indispensable parties.” (Footnote omitted.)
Trial was held on January 19, 1982. The court rendered judgment in favor of defendants and set the boundary on the basis of ten year acquisitive prescription, casting the plaintiffs for costs. The plaintiffs take this appeal.
Prior to our suit, the matter of Guillot v. Alleman, 303 So.2d 272, 277 (La.App. 1st Cir.1974), writ denied 303 So.2d 749 (La.1974), was decided. The judgment provided in pertinent part,
“It is further ordered, adjudged and decreed that there be judgment herein in favor of plaintiff, Harry Guillot, and against the defendant, Edward Alleman, decreeing plaintiff, Harry Guillot, to be *219 the owner of the following described property, to-wit:
That part of the northwest quarter of Section 38, Township 12 South, Range 13 West, Assumption Parish, Louisiana, lying on the Southeast side of Bayou Pierre Part, bounded on the North by the north line of Section 38, on the East and South by land of G. L. LaBarre, and on the West by lands of Clebert Dugas, et als., and Bayou Pierre Part.” (Underscoring ours.)
It is the establishment of where the boundary “on the west by lands of Clebert Dugas et als.” should be which is the object of the present suit. The plaintiffs contend Guillot already resolved this issue. They propose the findings of the Guillot court require this court to recognize them as the owners of the westernmost 34 arpents to the SWV4 of Section 38 lying south and east of Bayou Pierre Part, known as the Alle-man-Dugas tract. Therefore, any boundary which is fixed must include 34 arpents. Because the boundary set by the trial court does not include 34 arpents, the plaintiffs contend an error has been committed. This contention is without merit.
The court in Guillot, at 274, found “that the parties intended to convey” the above described land. The judgment does not state the Alleman-Dugas tract encompasses precisely 34 arpents. The Guillot court does not establish where the boundary at issue in this litigation is located. However, it does lend to this court guidance in resolving the issue by stating,
“With respect to that portion of the property lying south and east of the bayou and east of the Dugas parcel, we find no alienation thereof by Murville Campo, and no title thereto into defendant. We specifically noted and hold that the sale to Leandre Hebert by Murville Campo conveyed only the property which was partitioned by defendant and Clebert Du-gas, et als. Harry Guillot acquired the property in 1959. In 1961 he cleared that part of the parcel lying south of the highway, and in 1963 he cleared the property north of the highway back to the swamp, some 300 to 400 feet. He continued to keep the growth down by cutting the grass and undergrowth until this suit was filed in 1965. There is no evidence of possession of this strip by defendant Alleman since 1959, when Guillot acquired it. We, therefore, find that Harry Guillot was in possession thereof and, Mr. Alleman not having made out any title thereto, Mr. Guillot is entitled to be declared the owner thereof.” Guillot, 303 So.2d, at 276.
It is abundantly clear when a party proves acquisitive prescription a boundary shall be fixed according to the limits of prescription rather than title. La.Civ. Code art. 794. The requisites for the acquisitive prescription, of ten years are: possession of ten years, good faith, just title, and a thing susceptible of acquisition by prescription. La.Civ.Code art. 3475.
A deed sufficient to convey property as between the parties is also a sufficient basis for a plea of ten years’ prescription acquirendi causa; and although a portion of the description in a deed be erroneous or misleading, if the property intended to be conveyed can be ascertained with certainty by the aid of admissible extrinsic evidence which can identify and locate the property, a just title for purposes of ten years’ acquisitive prescription will exist. The fact that property is described as being bounded on the various sides by the estate of another can suffice in this regard. Authement v. Theriot, 292 So.2d 319, 326 (La.App. 1st Cir.1974); see also Winjum v. Duplantis, 393 So.2d 405 (La.App. 1st Cir.1980). The trial court found the following extrinsic evidence:
“According to Mr. Guillot’s testimony, he was clearing land up to the alluded line between him and Dugas back to 1959 and 1960 without any disturbance by anyone. Pretermitting the legal efficacy of the purported boundary agreement executed August 15, 1969, lacking 21 days for ten years as of the time the boundary suit was filed, its execution at that time supports Mr. Guillot’s testimony that he was possessing up to the line contended to be *220 correct by the defendants for more than the ten years required to support the ten year good faith possession. His testimony was that he never had any disagreements whatever with Clebert Dugas or anyone else over that boundary line. The court also finds the testimony of Clebert Dugas, Jr., son of Clebert Dugas and original co-owner of tract allotted to Clebert Dugas, et als, corroborates the testimony of Mr. Guillot in that he stated that he was present in 1953 when a survey was made by another surveyor and the line between what he referred to as Campo (tract now belonging to defendants) and his father’s tract was staked out. Although the witness’ testimony was not completely developed, it was obvious to the court from his testimony that his father’s property was staked out on both the Alleman side and what he said was the ‘Campo side.’ That line was the same as that Mr. Guillot stated he possessed up to from the date he acquired the property in and which is being relied on by the defendants. Counsel for the plaintiffs has referred to where Mr. Guillot put the word ‘rail’ on Defendant Exhibit ‘6’ as an indication of the untrustworthiness of his testimony.
The Court is satisfied that Mr. Guillot was obviously confused at that point in his testimony and meant to indicate the SW corner of that tract on Defendant Exhibit ‘6’ with the word ‘rail.’ The survey plat prepared by Carl Heck, which was used in the August 15, 1969, act of partition, was itself dated August 11, 1969. Taking the testimony of Mr. Cle-bert Dugas, Jr., coupled with that of the uncontradicted testimony of Mr. Harry Guillot concerning the line to which he was possessing undisturbed under his deed translative of title above referred to and the fact that the Carl Heck survey was dated only some 17 days less than the ten year period necessary for the ten year good faith acquisitive prescription to have run before suit was filed herein on July 25, 1979, this court finds as a fact that Mr. Guillot, and the defendants through him, possessed up to the line indicated on the boundary line indicated as the dividing line between the parties to this action on the Carl Heck Engineer map referred to for a period in excess of ten years before suit for establishing the boundary was filed.”
These findings will not be disturbed by this court. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
The judgment of the trial court is affirmed. Costs of this appeal are cast to plaintiffs.
AFFIRMED.

. Plaintiffs raise two additional assignments of error. We find both to be without merit. The denial of the motion to join indispensable parties was proper and is adequately explained in the procedural recitation by the trial court adopted as part of our opinion. The refusal to permit the introduction of the affidavit given by Mrs. Mae Ann Daigle can not be error because the affidavit bears solely upon the efficacy of *218 the boundary agreement, consideration of which is pretermitted.