588 So.2d 1210 (1991)
Madeleine L. SHEPHERD
v.
CITY OF BATON ROUGE/PARISH OF EAST BATON ROUGE, and The Office of the District Attorney for the Parish of East Baton Rouge.
No. 90 CA 1175.
Court of Appeal of Louisiana, First Circuit.
October 18, 1991.
Floyd J. Falcon, Jr., Baton Rouge, for plaintiff-appellee Madeleine Shepherd.
Frank J. Gremillion, Baton Rouge, for defendant-appellant The City of Baton Rouge, EBRP.
Fred H. Belcher, Jr., Baton Rouge, for defendant-appellee Bryan Bush, Dist. Atty.
Before COVINGTON, C.J., and SAVOIE and LEBLANC, JJ.
SAVOIE, Judge.
Plaintiff, Madeleine L. Shepherd, filed suit against defendants, the City of Baton Rouge and Parish of East Baton Rouge (City-Parish), and Bryan E. Bush, Jr., District Attorney for the Parish of East Baton Rouge (District Attorney).[1] She sought to recover payment for unused annual leave and sick leave, which she claimed was owed to her by defendants when her employment was terminated. She also sought to recover penalties, attorney's fees, and interest as provided under LSA-R.S. 23:631.

FACTS
Shepherd began working in the District Attorney's office as a Legal Stenographer I on July 1, 1982, and was terminated by the District Attorney on December 8, 1987. When Shepherd began working in the District Attorney's office, Ossie Brown was the District Attorney; he used the City-Parish personnel rules regarding annual *1211 leave and sick leave. On January 2, 1985, Bryan Bush assumed the office of District Attorney. Shepherd had applied for a job in Bush's office and Bush reinstated her in her position. In April, 1985, Bush changed the personnel rules of his office as to annual leave: all employees would earn annual leave of ten days per year and all existing annual leave was "frozen." In January, 1987, Bush changed the rate of accrual of sick leave and decreed that in no instance would payment in lieu of sick leave be authorized. The personnel rules of the City-Parish had been interpreted to allow payment of unused sick leave at termination.
When Shepherd began working in the District Attorney's office, she was paid with a check issued by the City-Parish. She also received her medical and dental insurance through the City-Parish and was a member of the City-Parish retirement system and credit union. On March 1, 1986, she was removed from the City-Parish payroll and placed with all the other District Attorney employees on a direct District Attorney payroll system. The City-Parish still issued the District Attorney's office a check for payroll; however, the employees were paid directly by the District Attorney. The employees, including Shepherd, continued to be eligible for participation in City-Parish medical and dental insurance, the City-Parish credit union, and City-Parish retirement.
At her termination, Shepherd contended she had 58.5 hours of annual leave accrued and 255 hours of sick leave. Using the appropriate rate of pay of $7.13 per hour, Shepherd claimed she was owed $2,235.25.
The trial judge rendered judgment in favor of Shepherd against both the City-Parish and the District Attorney. The judge found that Shepherd was an employee of the City-Parish, and that this case was similar to another case decided by the district court entitled "Lois Waters, et. al. v. City Parish." He adopted the written reasons for judgment rendered in that case.[2] The trial judge awarded Shepherd $2,235.25 in accrued annual leave and sick leave; $5,133.60 for penalties under LSA-R.S. 23:631; legal interest from date of termination until paid; and attorney's fees of $2,500.00. From this judgment, the City-Parish appeals. Although the trial court's judgment was also against the District Attorney, only the City-Parish appealed. The District Attorney filed a brief in this court, but since it has failed to appeal, judgment is final as to it. Because the District Attorney did not appeal, neither he nor his office is before the court; therefore, the judgment as to the District Attorney cannot be revised, modified, set aside, or reversed by this appeal from the City-Parish. See Grant v. Ouachita National Bank, 536 So.2d 647 (La.App. 2d Cir.1988).

ASSIGNMENTS OF ERROR
On appeal, the City-Parish urges the following assignments of error:
1. The trial judge erred in finding that Shepherd was an employee of the City-Parish rather than an employee of the District Attorney.
2. The trial judge erred in finding that the personnel rules of the City-Parish applied to Shepherd rather than the rules adopted by the District Attorney.
3. The trial judge erred in awarding Shepherd an amount for accrued annual leave and sick leave.
4. The trial judge erred in awarding Shepherd penalties, attorney's fees, and interest under LSA-R.S. 23:631.
5. The trial judge erred in failing to give the City-Parish credit for payment made to Shepherd for the period between *1212 December 8, 1987, and December 31, 1987, when Shepherd did not work. 6. In the alternative, the trial judge erred in awarding Shepherd excessive annual leave and sick leave.

ASSIGNMENTS OF ERROR NOS. 1 AND 2
Shepherd contends that while working in the District Attorney's office, she was an employee of the City-Parish, rather than of the District Attorney; therefore, she contends that she was entitled to the City-Parish personnel benefits, which provided a greater rate of accrual of annual leave and allowed for payment of unused sick leave on termination. The City-Parish contends that Shepherd was an employee of the District Attorney, and that therefore, his personnel rules, which provided for less annual leave and no payment of unused sick leave on termination, applied.
Shepherd contends that she was a City-Parish employee because her job classification was created by the City-Parish and appropriations for her pay were budgeted by the City-Parish. She adds that although the District Attorney had the power to hire and fire his employees, he could not create new jobs and was limited to being able to appoint an individual to an existing position. She also notes that insurance and retirement benefits were provided through the City-Parish. Shepherd distinguishes the cases cited by the City-Parish which characterize the District Attorney's office as a state office on the basis that those cases dealt with the state or governing authority's liability for damage caused to third parties by employees of those offices.[3]
The office of the District Attorney was established by the Louisiana Constitution as part of the judicial branch of state government. LSA-Const. art. 5 § 26. The District Attorney is authorized by the legislature to select assistants and other personnel. LSA-R.S. 16:1 A. The salaries of the District Attorney and Assistant District Attorneys are paid partly by the state and partly by the local governing authority. LSA-R.S. 16:10, 11, 52, and 53. See also LSA-R.S. 16:421 and 424. The other expenses of operation of the District Attorney's office are paid by the local governing authority of the judicial district. According to LSA-R.S. 16:6,
The district attorneys of this state, the Parish of Orleans excepted, shall be entitled to an expense allowance for salaries of stenographers, clerks and secretaries, and salaries and charges for special officers, investigators and other employees and an expense allowance for stationary forms, telephone, transportation, travel, postage, hotel and other expenses incurred in the discharge of their official duties.
The police juries of the various parishes of the State of Louisiana are hereby authorized to pay from their general fund any of the items of expense, as provided for herein, incurred by the several district attorneys of this state when acting in their official capacities.
Shepherd was an employee of the District Attorney. She was not an employee of the City-Parish. We find the cases cited by the City-Parish and rejected by the district court judge in the Waters case are applicable, despite the fact that they do not deal with severance pay. In Diaz v. Allstate Insurance Company, 433 So.2d 699 (La.1983), the court held that a statute which provided indemnification by the state to various public officers and employees for damages to third partiesLSA-R.S. 13:5108.2covered employees of the District Attorney's office. In finding that a district attorney's employee was an employee of the state for purposes of LSA-R.S. 13:5108.2(B), the court reasoned as follows:
A district attorney is a constitutional officer who serves in the judicial branch *1213 and exercises a portion of the sovereign power of the state within the district of his office. His office, duties, and powers are governed by the constitution and the legislature, and are not subject to local control. His office, therefore, is an office of state, not local government. Thus, a district attorney's employee holds employment in an office of one of the branches of government....
433 So.2d at 701-2 (Citations and footnote omitted).
That the City-Parish supplies the funds to pay the salary of Shepherd does not mandate a finding that she is an employee of the City-Parish. In Cosenza v. Aetna Insurance Company, 341 So.2d 1304 (La. App. 3d Cir.1977), the court determined that the Parish of Rapides was not responsible for the alleged misdeeds of the clerk of the City Court of Pineville. Other than paying part of the City Court clerk's salary, the parish exercised no power or discretion in the functioning of the City Court and therefore, was not the clerk's employer. Rather, the clerk was employed by the City Court judge, a state officer. The court stated:
Although the Parish of Rapides contributes to the salaries of both the city judge of the Pineville City Court and his employee, the city court clerk, we are of the opinion that the relationship between the Parish and the Judge (and his clerk) terminates at that point. The City Court and the office of City Judge are created by legislative act based upon authority derived from the state constitution. As such, the city judge is a state officer and the police jury of Rapides Parish or any other executive body at that level is powerless to interfere with or direct the activities of the court.
344 So.2d at 1305.
In Mullins v. State of Louisiana, 387 So.2d 1151 (La.1980), the supreme court held that the office of the coroner for a parish is a state agency in a declaratory judgment action to determine whether the state could be held liable in damages for wrongful death alleged to have been caused by the coroner. The supreme court rejected the contention that because the parish pays for all "necessary or unavoidable expenses" incurred by the coroner's office, the office is not a state agency. The court said:
This fact does not defeat the state nature of the office. City courts are supported by the parishes in which they exercise jurisdiction, but the office of city court judge has nonetheless been found to be a state office. Likewise, expenses of district attorneys are paid by the parishes in which they operate. Despite this fact, the district attorney, like the coroner, operates independently of regulation by the local governing authority.
Mullins, 387 So.2d at 1153-4. (Citations omitted).
In support of her contention that she was an employee of the City-Parish, Shepherd in brief cites several City-Parish ordinances. One ordinance mandates that the city council fix the number of employees in "departments and agencies established under the Plan of Government, and to which appropriations are made by the council"; another lists the District Attorney's employees on a pay plan for various positions. We do not find these ordinances controlling. The City-Parish is mandated by law to pay portions of the District Attorney's and the Assistant District Attorney's salaries as well as expenses of the District Attorney's office. These ordinances are simply the manner in which the City-Parish is carrying out its legal obligation to supply funds to the District Attorney's office.
In determining whether an employer-employee relationship exists, the payment of wages is only one factor; other factors are selection and engagement, the power of dismissal, and the power of control. See Pitcher v. Hydro-Kem Services, 551 So.2d 736 (La.App. 1st Cir.), writ denied, 553 So.2d 466 (La.1989). In our opinion, the District Attorney clearly possessed these latter three factors. For example, when Bush notified Shepherd that she was reinstated to her position, he informed her that her position or pay scale might be rearranged in the future once he had evaluated her qualifications and the needs of the office. *1214 Furthermore, although the source of the funds was the City-Parish, his was the office which paid Shepherd her wages. Thus, we find that the trial judge erred in finding that Shepherd was an employee of the City-Parish. These assignments of error have merit.

ASSIGNMENTS OF ERROR NOS. 3, 4, 5 AND 6
We pretermit discussion of these remaining assignments of error which all deal with the City-Parish's liability for accrued and unused annual and sick leave as well as its liability for penalties and attorney's fees under LSA-R.S. 23:631 and 632. Because we have found that the District Attorney and not the City-Parish is Shepherd's employer, the City-Parish is not liable for wages, benefits, penalties, or attorney's fees claimed by Shepherd. For these reasons, the judgment of the trial court finding the City-Parish to be Shepherd's employer and liable to Shepherd for $2,235.25 in accrued annual leave and sick leave, $5,133.60 in penalties, and $2,500.00 in attorney's fees, and legal interest from date of termination is reversed as to the City-Parish. All costs of this appeal to be paid by Shepherd.
JUDGMENT REVERSED IN PART.
NOTES
[1] Plaintiffs named the defendants in her petition as the City of Baton Rouge/Parish of East Baton Rouge and the Office of the District Attorney of the Parish of East Baton Rouge. In this opinion we are identifying the defendants by the names they used when answering the petition.
[2] While the trial judge adopted the reasons for judgment in the Waters case, he did not attach these reasons to his written reasons, and they are not part of the record before us. The parties attached the reasons for judgment to their briefs; however, exhibits attached to the brief which are not a part of the record on appeal and which this court cannot take judicial notice of cannot be considered by this court. See City of Slidell v. Primo Enterprises, Inc., 542 So.2d 121 (La.App. 1st Cir.1989), and Alleman v. Joffrion, 411 So.2d 1142 (La.App. 1st Cir.), writ denied, 415 So.2d 945 (La.1982). However, we will discuss Shepherd's contentions, as set out in her brief and which for the most part are based on the Waters case.
[3] Shepherd argues in brief that we are controlled by a manifest error standard of review. We disagree. In this case, the facts were not in dispute, and therefore, the doctrine of manifest error, which applies to the trial court's findings on questions of fact, does not apply. Smith v. Indiana Lumbermens Mutual Insurance Co., 175 So.2d 414 (La.App.2d Cir.), writ denied, 247 La. 1089, 176 So.2d 146 (1965).