PITCHER, Judge.
Plaintiff, James D’Amico, filed suit against defendant, City of Baton Rouge, Parish of East Baton Rouge, seeking payment of the longevity pay increase allegedly due him. The trial court granted a Writ of Mandamus, ordering the Director of Finance to grant the longevity pay increase, and rendered judgment against defendant for the full amount due plaintiff. Defendant filed this appeal. We reverse.
FACTS
Plaintiff, was employed by the Clerk of Court for the Parish of- East Baton Rouge from January 1, 1960, until January 23, 1967. He was then employed by the City of Baton Rouge Finance Department from January 23, 1967, until he resigned on January 11, 1972. On July 30, 1973, he became re-employed with the same agency (Baton Rouge Finance Department) until he retired on March 14, 1987.
Plaintiff made a request to the Personnel Administrator that his employment with the Clerk of Court’s office be included in computing his longevity pay and income supplement based upon service to the City-Parish and other designated entities. The Personnel Board denied his request. Plaintiff filed suit on May 12, 1988, against defendant, the City-Parish government, seeking payment of the longevity pay increase allegedly due him.
Defendant filed a peremptory exception raising the objection of prescription. After learning that the City-Parish government was not the proper party defendant to this action, plaintiff subsequently filed suit against the Personnel Board and the Director of Finance, seeking a Writ of Mandamus to compel the granting of the increase in longevity pay. After it was determined that the proper party defendant to the mandamus proceeding was the Director, of Finance, the action against the Personnel Board was dismissed.
The two cases were subsequently consolidated for trial, and the trial was held on October 29, 1991.
The trial court overruled the plea of prescription, granted the Writ of Mandamus, ordering the Director of Finance to grant the longevity pay increase, and rendered judgment against defendant for the full amount due plaintiff. Defendant has appealed from these judgments and has set forth the following assignments of error for our review:
I. The trial court was clearly erroneous in finding that the Clerk of Court office was a “constitutional agency of the Parish of East Baton Rouge” as referred to in the 1961 to 1973 longevity rules of the City of Baton Rouge Personnel Rules. (Exhibit P-10, P-11, and P-12).
II. The trial court was erroneous in denying appellants’ exception of prescription.
A. The court erroneously relied on language from the Personnel Rules of the *1201 City Parish which became effective on March 29, 1977. (See Exhibit P-13) However, the rule which the appellee is relying on to provide that his time with the Clerk of Court should be counted towards his City-Parish longevity pay was the Personnel Rule effective from January 1, 1961 to March 29, 1977. (Exhibit P-10, P-11, and P-12).
B. The trial court was erroneous in not applying the liberative prescription period of three years set forth in Louisiana Civil Code Article 3494 to the ap-pellee’s claim. In accordance with Louisiana Civil Code article 3495 the cause of action accrued and prescription commenced upon issuance of payment for each pay period in which the appellee’s time with the Clerk of Court was not included in his longevity pay calculation.
C. Appellee’s allegations that prescription has not commenced or that the cause of action has not accrued are invalid and improper.
D. Prescription has not ceased to run due to acknowledgment or renunciation, nor should the defendant be es-topped from pleading prescription.
III. The trial court was erroneous in failing to find that the appellee’s claim was otherwise excluded under the Personnel Rules of the City..
IV. The court erred in considering the case of Ruby Hernandez.
V. The court erred in allowing inadmissible testimony and the introduction of inadmissible documents.
ASSIGNMENT OF ERROR NUMBER ONE:
Defendant contends that employment with the Clerk of Court does not qualify as employment with the city or parish governments or any of the constitutional agencies of the Parish of East Baton Rouge in any capacity.
The record indicates that plaintiff first questioned whether or not his time spent working for the Clerk of Court would be credited toward his longevity pay in 1977 in a memo to Mr. Gary Van Oss, Personnel Board Administrator. On May 9, 1978, plaintiff was sent a memo from S.J. Lacy, Jr., Personnel Administrator, indicating that he could not credit time at the clerk’s office for purposes of longevity pay. On March 22, 1978, plaintiff requested a Parish Attorney Opinion regarding this issue. On April 14, 1978 Judge Joseph F. Keogh, the Parish Attorney at the time, responded, stating that employment with the Clerk of Court does not count toward longevity. On May 13,1980, plaintiff requested from Walter Monsur, then Parish Attorney, an opinion regarding the longevity rule. On May 14, 1980, Mr. Monsur responded that although the Parish of East Baton Rouge does provide funds for the Clerk of Court after these funds are given to the Clerk of Court, the Parish of East Baton Rouge has absolutely no control over them. Service in the clerk’s office is, therefore, not included in longevity pay. In 1988, Frank Gremil-lion and James A. Wayne, Sr., Assistant Parish Attorneys, in response to plaintiff’s request for clarification of the longevity rules, stated that the Clerk of Court time should be included in computation of longevity pay. (Plaintiff’s Exhibits 14-21).
The Clerk of Court’s office is in existence pursuant to Louisiana Constitution of 1974, Art. V, Section 28, which reads as follows:
(A) Powers and Duties; Deputies. In each parish a clerk of the district court shall be elected for a term of four years. He shall be ex officio notary public and parish recorder of conveyances, mortgages, and other acts and shall have other duties and powers provided by law. The Clerk may appoint deputies with duties and powers provided by law, and with the approval of the district judges, he may appoint minute clerks with duties and powers provided by law. (B) Office Hours. The legislature shall establish uniform statewide office hours for clerks of the district courts.
Article 6; Section 15 of the Louisiana Constitution provides that “[t]he governing authority of a local governmental subdivision shall have general power over any agency heretofore or hereafter created by it, in- *1202 eluding, without limitation, the power to abolish the agency....”
The term agency is used in describing those bodies created or established by governing authorities of a parish or municipality. Brasseauxv. Vermilion Parish Police Jury, 361 So.2d 35, 37 (La.App. 3rd Cir.), writ denied, 363 So.2d 535 (La.1978). The existence of the Clerk of Court was created by the State constitution and cannot be amended or modified by a municipal government. Thus, the constitutional provision regarding a governing authority’s power over its subdivisions is inapplicable. Southern Tours v. New Orleans Aviation Board, 357 So.2d 102 (La.App. 4th Cir.), writ denied, 359 So.2d 200 (La.1978).
In its reasons for judgment, the trial court noted the language of City-Parish Personnel Rule XV, Sec. 1.5, which provides for longevity pay for employees of constitutional agencies of the Parish of East Baton Rouge. The court reasoned that since the Parish does not have a constitution, this must mean constitutionally created state agencies. The court stated that this would therefore include Clerk of Court employees. We disagree.
At trial, defendant proffered the testimony of R. Gordon Kean, Jr., Attorney at Law, who is a former City-Parish Attorney and was stipulated to be an expert in law. When asked how he would interpret the term “constitutional agency”, Mr. Kean replied as follows:
In my ordinary experience, I would construe a constitutional agency as being any agency which was provided for in the Constitution of Louisiana. And at the time of the 1921 Constitution which was in effect at the time this rule was involved, that would have included the sheriff; it would have included the District Attorney, the Coroner, and the Clerk of Court in my judgment. The plan of government is in the nature of the charter for the Parish of East Baton Rouge and the City of Baton Rouge ... I think its viewed in the nature of a constitution applicable to the functioning of the City-Parish government.
Steven Landos, Assistant Personnel Administrator for the City-Parish Personnel Department testified that he has been with the Personnel Department for fourteen years and was aware there was a question concerning longevity. He testified that in his fourteen years, he did not personally know of anyone whose Clerk of Court time counted toward his/her City-Parish longevity. The only exception that he was aware of involved Ruby Hernandez. In 1973, Ms. Hernandez was allowed to tack longevity time from her employment with the sheriff’s office. This action was taken without, an administrative hearing.
We have previously addressed the issue of determining whether an employee is considered a State or City-Parish worker for purposes of personnel rules. In Shepard v. City of Baton Rouge, 588 So.2d 1210 (La.App. 1st Cir.1991), we held that the fact that the City-Parish supplies the funds to pay the salary of an employee in the District Attorney’s office does not mandate a finding that she is an employee of the City-Parish. In determining whether an employer-employee relationship exists, the payment of wages is only one factor; other factors are selection and engagement, the power of dismissal and the power of control. Pitcher v. Hydro-Kem Services, 551 So.2d 736 (La.App. 1st Cir.), writ denied, 553 So.2d 466 (La.1989); Rush v. Employers Nat. Ins. Co., 598 So.2d 603 (La.App. 4th Cir), writ denied, 605 So.2d 1364 (La.1992). In Shepard, although the City-Parish supplied funds to pay a stenographer’s salary, she received her medical and dental insurance through the City-Parish and was a member of the City-Parish retirement system and credit union; the District Attorney possessed the power to select, engage, dismiss and control the stenographers employed in its office. The District Attorney's office, duties, and powers are governed by the constitution and the legislature, and are not subject to local control. His office therefore, is an office of state not local government. Foster v. Hampton, 352 So.2d 197 (La.1977), reversed on other grounds, 381 So.2d 789 (La.1980); Cooley v. State, 533 So.2d 124 (La.App. 4th Cir.1988). A District Attorney is a constitutional officer who serves in *1203 the judicial branch and exercises a portion of the sovereign power of the state within the district of his office. Diaz v. Allstate Ins. Co., 433 So.2d 699 (La.1983).
In our determination of the status of a Clerk of Court employee, we find Shepard and its progeny controlling. The Clerk of Court’s office is a constitutional office under LSA-Const. Art. V., Sec. 28. As a matter of law, the parish exercises no power or discretion in the functioning of the clerk’s office. It exists and functions independently of the governing body of the parish. The Clerk of Court’s office is, therefore, a state agency, and assuming arguendo that the parish has a constitution, the Clerk of Court’s office would not be governed by such.
When reviewing the facts in a civil matter, an appellate court may not disturb reasonable evaluations of credibility and reasonable inferences of fact of a district court. However, even though an appellate court determines there is a reasonable factual basis for the findings of the district court, the appellate court has latitude to evaluate the overall weight of the evidence to determine if the factual conclusions of the district court are clearly wrong. State In Interest of Cox, 461 So.2d 658 (La.App. 1st Cir.1984), writ denied, 464 So.2d 1375 (La.1985).
We find that the trial judge erred in finding that the Clerk of Court is a “constitutional agency” of the Parish of East Baton Rouge. This assignment of error has merit.
ASSIGNMENTS OF ERROR NOS. 2, 3, 4, AND 5:
We pretermit discussion of these remaining assignments of error which all deal with the longevity rules of the City of Baton Rouge Personnel Rules.
For the foregoing reasons, the trial court’s judgment is reversed. Costs of this appeal are assessed against plaintiff, James D’Amico.
REVERSED.