Dear Ms. Dunn:
You have asked this office to advise whether the law permits or prohibits a state legislator from also holding the part-time appointive office of deputy sheriff.
Our analysis of the Dual Officeholding and Dual Employment Law, R.S.42:61 et seq., reflects that the prohibitions of R.S. 42:63 do not prevent a state legislator from holding the appointive office of deputy sheriff, where the latter position is held on a part-time basis. For purposes of the dual officeholding provisions, a state legislator holds elected office in the legislative branch of state government. See R.S.42:62(7). The position of deputy sheriff is considered an appointive office under R.S. 42:62(2) because it is an "office in any branch of government . . . which is specifically established or specifically authorized by the . . . laws of this state . . . and which is filled by appointment . . . by an elected . . . public official." The sheriff is an elected public official. See LSA-Const. Article V Section 27 (1974). Further, the position of deputy sheriff is specifically provided or authorized by law, as R.S. 33:1433 states in part:
 A.(1) The sheriff of each parish and the civil and criminal sheriffs of the parish of Orleans may appoint as many deputies as necessary, but not more than authorized by law.
 (2) In all parishes except the parish of Orleans, the deputies shall, before entering on their duties, take the oath of office. The appointment and oath must be entered on the records of the court.
Of potential concern is the prohibition of R.S. 42:63(C), which states:
 C. No person holding an elective office in the government of this state shall at the same time hold another elective office, a full-time appointive office, or employment in the government of this state or in the government of a political subdivision thereof. *Page 2 
While R.S. 42:63(C) prohibits a state legislator from holding another full-time appointive office, the statute does not prohibit the holding of a part-time appointive office, as is the case here. See R.S. 42:62(4) and (5) defining full-time and part-time, respectively.
Another prohibition of potential concern is R.S. 42:63(B), stating:
 B. Except as otherwise provided by the Louisiana constitution, no person holding office or employment in one branch of the state government shall at the same time hold another office or employment in any other branch of the state government.
R.S. 42:63(B) prohibits one from holding office or employment in separate branches of state government as those branches are defined within the dual-officeholding provisions. While a state legislator serves within the legislative branch of state government, the position of deputy sheriff is not included within any branch of state government as defined by the dual-officeholding law. See R.S. 42:62(6), (7), and (8) defining the executive branch, the legislative branch, and the judicial branch of state government.
Rather, the position of "sheriff" falls within a "political subdivision" of the state as defined by R.S. 42:62(9). The exclusion of "sheriff" from any branch of state government as defined by the dual-officeholding law makes the prohibition of 42:63(B) inapplicable.
While the dual officeholding provisions do not prohibit the simultaneous holding of the positions here considered, we nevertheless conclude that Article II of the 1974 Louisiana Constitution prohibits a state legislator from holding a part-time position as deputy sheriff.
Article II of the Louisiana Constitution provides as follows:
 Section 1. The powers of government of the state are divided into three separate branches: legislative, executive, and judicial.
 Section 2. Except as otherwise provided by this constitution, no one of these branches nor any person holding office in one of them, shall exercise power belonging to either of the others.
Art. II, § 1 divides the powers of state government into the legislative, executive and judicial branches. Section 2 bars persons holding office in one branch of government from exercising power belonging to another branch.
This office commented in Attorney General Opinion 89-86 that the leading case that has interpreted the ancestor provision of Article II, Section 2, is Saint v. Allen, 126 So. 548, (La. 1930). The Saint decision defined the term "exercise power" as used in the Constitution, as follows: *Page 3 
 It is not necessary, to constitute a violation of the article, that a person should hold office in two departments of government. It is sufficient if he is an officer in one department and at the same time is employed to perform duties or exercise power, belonging to another department. The words "exercise power" speaking officially, mean perform duties or functions.
Further, the author of Opinion 89-86 stated `it should be noted that the changes made to Article II of the 1921 Constitution by the 1974 Constitution were minimal, with the only substantial change being the use of the term "branches" of government instead of "department". See Opinion 89-86, copy attached.
The office of sheriff falls within the judicial branch pursuant to LSA-Const. Article V Section 27 (1974) which pertinently states:
 He shall be the chief law enforcement officer in the parish, except as otherwise provided by this constitution, and shall execute court orders and process. He shall be the collector of state and parish ad valorem taxes and such other taxes and license fees as provided by law.
A deputy sheriff exercises the authority of the sheriff, as LSA-C.C.P. Art. 331 provides:
 Deputy sheriffs and other employees
 Except as otherwise provided by law, a deputy sheriff possesses all of the powers and authority granted by law to the sheriff, and may perform any of the duties and exercise any of the functions of the sheriff.
 Deputy sheriffs and other employees of the sheriff are subject to his direction and supervision, and shall perform the duties assigned to them by law, and by the sheriff.
 The sheriff is responsible for the performance or nonperformance of their official duties by his deputies and other employees. (Emphasis added).
The court in Boyer vs. St. Amant, 364 So.2d 1338 (La.App. 4th Cir. 1978), writ den., 365 So.2d 1108 (La. 1978) further states "a deputy, as well as a sheriff, is a public officer within the definition of R.S. 42:1, and consequently with regard to power and authority to enforce the law, there is no difference between them". Boyer, supra, at page 1109.
The court discussed the autonomy of another officer of the judicial branch, the district attorney, in D'Amico v. City of Baton Rouge, Parishof East Baton, 620 So.2d 1199 (La.App. 1st Cir. 1993), stating: *Page 4 
 The District Attorney's office, duties, and powers are governed by the constitution and the legislature, and are not subject to local control. His office therefore, is an office of state not local government. Foster v. Hampton, 352 So.2d 197 (La. 1977), reversed on other grounds, 381 So.2d 789 (La. 1980); Cooley v. State, 533 So.2d 124 (La.App. 4th Cir.1988). A District Attorney is a constitutional officer who serves in the judicial branch and exercises a portion of the sovereign power of the state within the district of his office. Diaz v. Allstate Ins. Co., 433 So.2d 699 (La. 1983). D'Amico, supra, at page 1199.
Like the district attorney, the sheriff is a constitutional officer who serves in the judicial branch and exercises a portion of the sovereign power of the state within the district of his office. His deputy sheriff exercises the same authority pursuant to statute. Thus, the separation of powers doctrine prohibits an individual from exercising the power of the legislative branch as legislator and judicial authority as deputy sheriff.
Despite the provisions of the Louisiana Dual Officeholding and Dual Employment Laws, R.S. 42:61, et seq., the position of state legislator and the position of deputy sheriff may not be held concurrently, even if a literal reading of the dual-officeholding statutes would not prohibit the simultaneous holding of these positions.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Yours very truly,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 BY:__________________________
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL
 KLK:arg *Page 5 
 FEBRUARY 17, 1989 OPINION NUMBER 89-86 Honorable Bill Lynch Inspector General State of Louisiana Post Office Box 94095 Baton Rouge, Louisiana 70804
Dear Mr. Lynch:
You have requested an opinion of this office as to whether the provisions of Article II, Section 2, of the Louisiana Constitution prohibit the Southern University Board of Supervisors from entering into a contract with a law corporation in which Senator William Jefferson is a principal.
Article II, of the Louisiana Constitution provides as follows:
 "Section 1. The powers of government of the state are divided into three separate branches: legislative, executive, and judicial.
 Section 2. Except as otherwise provided by this constitution, no one of these branches nor any person holding office in one of them, shall exercise power belonging to either of the others."
The leading case that has interpreted the ancestor provision of Article II, Section 2, is Saint v. Allen, 169 La. 1046, 126 So.548, (La.Sup.Ct., 1930). The Saint decision defined the term "exercise power" as used in the Constitution, as follows:
 "It is not necessary, to constitute a violation of the article, that a person should hold office in two departments of *Page 6 
government. It is sufficient if he is an officer in one department and at the same time is employed to perform duties or exercise power, belonging to another department. The words "exercise power" speaking officially, mean perform duties or functions."
It should be noted that the changes made to Article II of the 1921 Constitution by the 1974 Constitution were minimal, with the only substantial change being the use of the term "branches" of government instead of "department".
Saint involved a situation where numerous members of the Legislature were payroll employees of the Louisiana Highway Commission and the Court found that such positions constituted a violation of the separation of powers article.
The situation presented by you is distinguishable from the facts in the Saint case. Senator Jefferson is not a payroll employee and, in fact, we have been informed that the agreement for contractual legal services is not with Senator Jefferson personally, but is with the professional legal corporation of which he is a principal.
Under these circumstances, it is the opinion of this office that the retainer between a professional legal corporation and Southern University's Board of Supervisors does not result in a violation of the separation of powers article of the Louisiana Constitution. By performing legal services as a member of a professional law corporation under a contractual agreement, the attorney who is a state officer in the legislative branch of government is not "exercising power" in another branch of government.
Trusting that the foregoing sufficiently answers your inquiry, I remain
 Sincerely,
 WILLIAM J. GUSTE, JR.
 Attorney General
 BY:__________________________
 KENNETH C. DEJEAN
 Chief Counsel
 KCD:mac